Lincoln vs. Cross et al.

| 11 | 91 |
|----|-----|
| 95 | 199 |

## LINCOLN *vs.* CROSS et al.

APPEAL FROM CIRCUIT COURT, MONROE COUNTY.

Heard January 24.]                    [Decided May 4, 1860.

*Judgment—Trespass—Trover.*

An order in these words, "Ordered judgment in this action," is not a judgment, although signed by the judge, and will not justify the issuing of an execution.

The defendant to an action of tresspass *de bonis,* can ot justify the taking under an execution issued in a case where no final judgment has been entered.

This action was commenced by the service of a summons upon all the defendants personally, and was brought to recover the value of certain goods and chattels alleged to have been taken by the defendants, which the plaintiff claimed as assignee of one R. J. Casselman, by virtue of a written assignment executed and delivered by Casselman to G. W. Lincoln, the plaintiff herein; on the 8th day of October, 1857, by which Casselman conveyed to the plaintiff certain goods and chattels, including the property mentioned in the complaint in this action, in trust for the benefit of the creditors of Casselman; the assignment, when executed, contained a clause authorizing the assignee, this plaintiff, to take possession of all and singular, the goods and chattels, lands and tenements thereby conveyed, and sell and dispose of the same " upon such terms and conditions as, in his judgment, may appear best and most for the interest of all the parties concerned." The assignment was recorded with this clause in it. On the 12th day of November, 1857, the assignment and the record thereof were by the consent of the assignor and assignee, altered by striking out of the clause the words " and conditions," and inserting in lieu thereof, the words, "for ready money." The assignment purported to convey all the property of the assignor, Casselman, enumerated in the schedule thereto attached, which schedule did not contain two certain stores belonging to the assignor, situated on the same lot with the dwelling house of the assignor. Said stores were not connected with the dwelling house, and were, rented at the time. The lot on which they and the dwelling house were situated, contained less than one-fourth of an acre of land. The plaintiff took possession of the property at the date of assignment, and continued in possession up to the time of the taking of the same by the defendants, on the 14th day of December, 1857. The defendant Cross, who was under-sheriff of the county of Monroe at the time, seized the goods and chattels to the amount and value of $1,200, by virtue of an execution issued upon an alleged judgment in an action in the circuit court in and for the county of Monroe, in which James W. Johnson and John B. Shaw were plaintiffs, and the assignor, R. J. Casselman defendant, in which action the plaintiffs, on the 3d day of December, 1857, upon due notice for that purpose to the defendant's attorney, applied to the Hon. George Gale, judge of the circuit court, for judgment upon the demurrer in the action for the

frivolousness thereof, upon which application the judge made an order overruling the demurrer as frivolous, and ordered judgment for the plaintiffs. The defendant did not appear at the application. The order was filed with the clerk of the circuit court of the county of Monroe, on the 14th day of December, 1857, and an alleged judgment roll made up and filled. No judgment, except the order of the judge, was entered in the action before issuing the execution, nor has since been entered. On the 14th day of December, 1857, and before the issuing of the execution, the defendant therein served on the plaintiff's attorney's notice of appeal from the order, which notice was also served on the clerk of the circuit court of the county, on the 15th day of the same month. No undertaking was given or stay of proceedings obtained, which appeal was undetermined at the time of the trial of this action before the referee. The defendant in the action appealed from the taxation of costs, and an order for retaxation thereof was made, February 14th, 1858. The defendants, L. W. Graves and Milton Montgomery, were attorneys for the plaintiffs in the action, and issued the execution. And the defendants, Thomas B. Tyler and William Bush indemnified the defendant Cross in taking the goods.

This action, by consent of parties, was referred to Alonzo Johnson, attorney, &c., at law, of La Crosse, and was afterwards brought on for trial before the referee, and the referee, after the trial thereof, made a report of his finding, dated Dec. 31st, 1858, in which he finds for facts substantially as above stated, and for conclusions of law. 1. That the assignment purports to be a general assignment. 2. That the two stores which were on the same lot with the dwelling house were not exempt property, and should have been in the assignment in order to render it valid as against creditors. 3. That the assignment was invalid, and void as against creditors at the time of its execution and recording, and that the subsequent alteration of the assignment and record on the 12th of November, 1857, did not cure the defect in the assignment, and render it valid as against creditors of the assignor. 5. That the decision of the motion for judgment in the action entitled James W. Johnson and John B. Shaw, against R. J. Casselman, on the ground of the frivolousness of the demurrer was a judgment, and that execution was properly issued thereon. 6. The service of the notice of appeal by the defendant in the

action entitled in the next preceding conclusion upon plaintiffs' attorneys, therein, and on the clerk without having executed an undertaking, or given security, was not effectual to stay execution in the action, and that execution was properly issued, notwithstanding such notice of appeal. 7. The plaintiff claims to recover, by virtue of the assignment, and of his title to the property vested in him by the assignment. 8. That the defendants are not indebted to the plaintiff for any matters demanded in this action.

And the plaintiff, after the making of the report on the 3d day of March, 1859, and within ten days after notice to the plaintiff of the making of the report, and before the entry of judgment on the report served on the defendants' attorneys notice of motion to set aside the report, with the papers on which the same would be founded together with exceptions to the report, which motion was regularly brought on for argument at the May term of the court, 1859, before the Hon. George Gale, and upon argument the judge refused to set aside the report, and made an order confirming the same, to which the plaintiff excepted. On the 31st day of May, 1859, the plaintiff served on the defendants' attorneys, and on the clerk of the court, notice of appeal from the order to the supreme court of the State of Wisconsin, and also served on the defendants' attorneys, a copy of an undertaking to pay all costs and damages of the appeal.

*G. W. Lincoln,* for the appellant.

*Graves & Montgomery,* for the respondents.


*By the Court,* COLE, J.  From the view which we have taken of this case, it does not become necessary to determine whether the assignment, as originally made by Casselman, was fraudulent and void as to his creditors, or whether, if the · assignment was void at the time of its execution, the objection to it was removed by the amendment made on the 12th of November, 1857.  It will, undoubtedly, be conceded that the assignment was valid and binding as to all the world, except as to the assignor's creditors, who alone could take advantage of any defect in it.  The respondent, Cross, justified

the taking of the goods out of the possession of the assignee, by virtue of a levy, under an execution issued upon an alleged judgment recovered against the assignor, and in favor of Johnson & Shaw. He, therefore, attempted to show before the referee, that such a judgment did in fact exist. And although the referee found as a matter of fact, that such a judgment had been obtained, yet in his report he sets forth the alleged judgment, which, we think, is only an order for a judgment, and not a judgment.

From a transcript of the record of proceedings in the case of *Johnson & Shaw vs. Casselman,* it appears that a demurrer was interposed to the complaint in that action. Upon the hearing of this demurrer, the circuit court made an order, the material part of which is as follows:

TITLE, &c. " Ordered judgment against said defendant upon his demurrer, for frivolousness thereof, with five dollars costs of this motion; and further, ordered judgment in this action in favor of said plaintiffs against said defendant, for four hundred and forty-five, and 24-100 dollars, with costs of this motion." Signed by the circuit judge, &c.

No further judgment was entered in the cause, and it is upon this order for a judgment that the execution issued under which the respondent, Cross, justified taking the assigned property. And it is insisted on the part of the respondents, that the above is a final judgment, and not an order. We think otherwise. The plaintiffs, Johnson & Shaw, unquestionably might have proceeded and entered a final judgment, in conformity to this order; but this they did not do. They considered this a final judgment, upon which an execution might issue, and in this misconceived its nature and character. As we understand it, it is not a final judgment, but an order for a judgment. This is apparent from its language.

The order of the circuit court refusing to set aside the report of the referee, and confirming the same, must therefore be reversed, and the cause remanded for further proceedings.