GUSTAVE STARK AND WIFE, APPELLANTS, VS. LIBERTY BILLINGS, APPELLEE.

1. In a proceeding under the act relating to forcible entry and unlawful detainer, the plaintiff claimed that he was lawfully put in possession of the premises by virtue of a writ of possession issued in a former similar proceeding against the husband of one of the appellants; and on the trial, the writ of possession and the proceedings in the former case being produced, and it appearing that no judgment had been entered therein; it is *Held*, that the writ of possession was void, and did not give the plaintiff a lawful possession, or right of possession; and the defendant, having re-entered without force or violence, was not guilty of an unlawful entry.

2. Copies of detached papers, severally certified to be copies of papers filed, and of minutes of the court, purporting to pertain to a cause, are not proper evidence of the proceedings and judgment when offered for the purpose of showing a judgment. The process, pleadings, proceedings, entry of verdict and final judgment, forming the complete judgment record, or a copy thereof certified to be such record, and the whole thereof, should be produced.

3. This entry in the minutes, "Verdict for plaintiff; let writ issue," is not a judgment, and execution thereon is void.

4. The Circuit Court, under the Constitution, has jurisdiction of all actions relating to the possession and the right of possession of real estate, to be exercised in such form as the Legislature may prescribe.

5. A form of oath administered to a jury in a civil action containing matter not embraced in the issue, which was not objected to by either of the parties, will not be considered as error, unless it is evident that the jury were misled thereby.

Appeal from Duval Circuit Court, Fourth Judicial Circuit.

The opinion of the court contains a statement of the case.

*Friend & Hammond* for Appellants.

*L. Billings* for Appellee.

RANDALL, C. J., delivered the opinion of the court.

This was a proceeding before the Circuit Court by Billings, under the statute of 1868, in which he "complains

that Alphia C. Freeman hath unlawfully turned him out of, and unlawfully and against his consent withholds from him, the possession of certain real estate." It was tried in the Circuit Court for Duval county (the venue having been transferred from Nassau), and a verdict rendered, in favor of the complainant, that the defendants did "forcibly enter" and "turn the plaintiff out of possession," and that they continue to hold possession; and the plaintiff's damages are assessed at $540.

A motion for a new trial was denied, and Stark and wife appealed.

Precisely how Stark and wife became defendants is not shown by the proceedings, but is presumed from a statement found in the testimony that Mrs. Freeman, after the suit was commenced, became the wife of Mr. Stark, and, upon the verdict, a judgment is rendered against him and his wife for five hundred and forty dollars damages, besides costs.

The first question raised is, that the Circuit Court, by the Constitution, has no jurisdiction of the proceeding for an "unlawful entry," that is, an entry without force, but without lawful right; and that the statute purporting to give this remedy to the Circuit Court, in cases other than for a "forcible entry and unlawful detainer," is void.

In support of this proposition, appellants refer to Section 8 of Article VI. of the Constitution, which expressly gives the court jurisdiction of cases of "forcible entry and unlawful detainer;" and they insist that, this being a special grant of jurisdiction, any other proceedings of this nature, other than for a *forcible* entry, cannot be entertained by the court.

Whatever force there might be in this suggestion, if the clause referred to was the only source of jurisdiction, there is no doubt, if we look at the entire section, of the power of the Circuit Courts to try any cause involving the right of possession of real estate. It says that the Circuit Courts

shall have jurisdiction in "all cases at law which involve the title or the *right* of possession to, or the possession of," real property. And hence, in addition to the power to try any action or proceeding involving the *forcible* entry into lands which might be provided by the Legislature, the court has jurisdiction, in such form of practice and proceedings as the law may provide, over the entire range of actions relating to real estate.

The plaintiff, in order to make out his case, attempted to show that he was lawfully in possession of the premises in 1869, and that Mrs. Freeman (now Mrs. Stark) and her former husband, who had been in possession up to that time, were then lawfully turned out; and testified that he was then put in possession by the Sheriff of Nassau county by virtue of a writ of possession issued out of the Circuit Court for that county. The writ of possession was then produced, together with certain copies of papers and minutes of the court of the proceedings had in a case wherein Mr. Billings was plaintiff and "S. N. Freeman & Co." were defendants. These were introduced for the purpose of showing the proceedings and judgment, and the delivery of the possession evidenced by the return upon the writ.

The introduction of these papers in evidence was objected to on the ground that they showed no judgment authorizing the writ; that the papers were not, and did not purport to be, a transcript or exemplification of the record in that case, and that, if admitted, they showed that the Circuit Court had no jurisdiction of that proceeding. The Circuit Court overruled the objection, and the papers were admitted in evidence, and, so far as can be discovered, were the only foundation of the plaintiff's possession and right. As this is a part of the plaintiff's case submitted to the jury, we must consider that the jury were influenced by it. Generally, in cases of this kind, it is only necessary for the complainant to show actual possession, and that he was deprived of it by some overt act of the defendant, without being put

to the proof of the origin of his possession or right; but the plaintiff puts in the evidence of his right of possession, and therefore we pass upon the question thus raised.

As to the question whether the copies of papers offered were legal evidence to show the proceedings of the court in the case against S. N. Freeman & Co., we must hold that they were not. These papers did not purport to be, or to show, the entire record of proceedings, but were copies of detached fragments of the case, and therefore were not severally nor collectively a transcript or exemplification of the record and proceedings. They showed that such a suit existed, but did not show the proceedings in that suit. Neither did they purport to show that any judgment had been entered upon the verdict, which seemed to have been rendered by a jury. The last proceeding anterior to the issuing of the writ of possession appears from an entry in the "Bench Docket," thus: "Verdict for plaintiff; let writ issue." This is not a judgment, and did not warrant the issuing of a writ of any kind. (Lincoln vs. Cross, 11 Wis., 91.) The statute says: "If the verdict of the jury shall be in favor of the plaintiff, then and in that case the court shall award a judgment for the plaintiff that he recover possession of the property described in the complaint aforesaid, with his damages and full costs, and shall award a writ of *habere facias possessionem*," etc.

And thus, if these papers prove anything, they show that no judgment was entered in that case; that the writ of possession was not legally issued, and was void; that the plaintiff was not lawfully put in possession, but, as to those already in possession, was a mere intruder and trespasser. It no where appears that the defendant in that case, Freeman, or any other person, was actually turned out when Billings went in under that writ, but, on the contrary, that the property of Freeman then in the building remained there; that Freeman soon afterwards died; that a key to the front door was delivered to Billings by the administrator, and that he

occasionally went into the front part of the house, then not inhabited by any person; and that Mrs. Freeman (now Stark), returning from a temporary absence at the North, re-entered, without "strong hand or multitude of the people," into the premises she had quietly and voluntarily left a short time before, as it appears by the case before us. Upon these facts alone, we doubt if the jury would have rendered the verdict which they did, that she and her present husband, Mr. Stark, did "forcibly enter upon, and turn the plaintiff out of, the possession."

The question was submitted by the court to the jury, whether the plaintiff " was lawfully put in possession, and had never been lawfully evicted?" and thus the written evidence of the proceedings before mentioned was made important in the deliberations of the jury.

The ruling of the court, therefore, admitting the copies of papers offered by the plaintiff as the foundation of, and as evidence of, his rightful possession, was a material error. It is unnecessary here to inquire whether the court had jurisdiction to try the case of this plaintiff against S. N. Freeman & Co., for we have no certified transcript of the record and proceedings, and it is perhaps not material to the present case whether it had or had not jurisdiction.

It is assigned for error that the jury in the present case were sworn to try other issues than those embraced in the case, but as there was no objection or exception made at the time, it cannot be reviewed. The proper oath was administered; but appellees claim that they were also sworn to try matters interpolated into the oath not embraced in the issue. In the absence of any objection, or any evidence that the jury were misled thereby, such matter, not pertinent, may be considered as surplusage. Nor do we see how we can consider the further question of the right of dower of the widow of S. N. Freeman, nor how such question can enter into the case.

The judgment of the Circuit Court is reversed, and the verdict set aside.