W. J. HARRELL v. W. T. MARTIN.

158 So. 287.

Division B.

Opinion Filed December 26, 1934.

*Cone & Chapman,* for Petitioner;

*A. P. Rivers,* for Respondent.

BUFORD, J.—This case is before us on writ of certiorari to review the judgment of the Circuit Court of the Third Judicial Circuit of Florida in and for Columbia County wherein that court on writ of error affirmed the judgment of the County Judge's Court in a certain proceeding in forcible entry and detainer.

It is contended here that the judgment of the Circuit Court should be quashed and the cause remanded for further proceedings amongst other things because the defendant in the court of original jurisdiction filed certain pleas in defense which he termed equitable pleas and those pleas were stricken.

It is unnecessary for us to in this case discuss the applicability of equitable pleas in the Court of the County Judge, or other courts inferior to the Circuit Court, because here we are dealing with a proceeding under the provisions of Sections 4356, *et seq.*, R. G. S., 5309 *et seq.*, C. G. L., in regard to forcible entry and unlawful detainer in this State. Section 3466 R. G. S., 5319 C. G. L., provides in effect that after the petition has been filed as required by statute the cause may proceed to trial without any further pleading. Therefore, the defendant in such cases is entitled to introduce any and all defenses which would bar the petitioner's right of recovery.

Under the showing made by the record here the plaintiff claimed his right of recovery upon the theory that he had prior to the 26th day of July, 1933, recovered a judgment in a court of competent jurisdiction against the defendant and under such judgment a writ of restitution had been issued and served by divesting the defendant of the possession of the property and placing the petitioner in possession of the property and that immediately thereafter the defendant unlawfully re-entered. At the trial the writ of restitution with the return of the Sheriff thereon was introduced in evidence over the objection of the defendant. This was error and was a departure from the essential requirements of the law. The writ of restitution was of no avail, unless it was based on a valid judgment of a court of competetent jurisdiction. The objection to the introduction of the writ of restitution was that no predicate had been laid for its introduction. The objection was well founded and should have been sustained. It could not be assumed that there was a valid judgment in absence of proof thereof, and unless there was a valid judgment upon which the writ of restitution was based the writ was void and the petitioner could not claim any right of possession

under the execution of the writ. See Stark, *et ux.*, v. Billings, 15 Fla. 318.

It, therefore, follows that the judgment of the Circuit Court must be quashed and the cause remanded with directions that further proceedings be had not inconsistent with the views herein expressed.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., concurs in the opinion and judgment.