216 So.2d 477 (1968)
W.J. WILKINS, Appellant,
v.
Lucy Mabel TEBBETTS, Appellee.
No. 68-801.
District Court of Appeal of Florida. Third District.
December 10, 1968.
Alfred Feinberg and Bruce S. Rogow, Miami, for appellant.
*478 Eldon L. Boyce, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
SWANN, Judge.
Tebbetts, Wilkins' landlord, filed a complaint in the Civil Court of Record against Wilkins for unlawful detainer. Wilkins answered, alleging in pertinent part that the sole reason for the attempted eviction was to retaliate, punish, and harass him for having reported to the Miami Fire Department that the electrical system in his apartment was outmoded, inadequate, and dangerous. Wilkins claims that the Fire Department verified his complaint and gave notice to Tebbetts to have the system repaired. At this point Wilkins alleges that Tebbetts gave him notice of eviction.
The trial court entered a judgment on the pleadings in favor of Tebbetts and Wilkins now appeals. Wilkins' sole argument on appeal is that a landlord may not evict a tenant solely because the tenant has informed appropriate governmental authorities that a housing code violation exists on leased premises. He does not seek reversal on any other questions of procedure, law, or fact.
In his brief, Wilkins has quoted and argued at considerable length from the South Florida Building Code and the Dade County Minimum Housing Code, but there is nothing in the record on appeal to show that these codes were properly introduced into evidence in the trial court, or that they were considered by the trial court. Both parties have attempted to set forth matters of fact which do not appear in the record on appeal.
A motion for judgment on the pleadings admits, for the purpose of the motion, all well-pleaded facts contained in the non-moving party's pleading. Miller v. Eatmon, Fla.App. 1965, 177 So.2d 523. Tebbetts thus admitted, for purposes of her motion, all facts well pleaded by Wilkins. The pleadings before the trial court were Tebbetts' complaint for unlawful detention, the notice attached thereto, and Wilkins' answer.
Fla. Stat. § 82.04, F.S.A. provides that:
"If any person enters or has entered in a peaceable manner into any lands or tenements when the entry is lawful and after the expiration of his right continues to hold them against the consent of the party entitled to possession, the party so entitled to possession is entitled to the summary procedure under section 51.011, Florida Statutes, at any time within three (3) years after the possession has been withheld from him against his consent."
The summary procedure of Fla. Stat. § 51.011(1), F.S.A. requires that "all defenses of law or fact shall be contained in the defendant's answer."
We look, therefore, to see whether Wilkins' answer raised a proper defense to the unlawful detainer action. We assume for purposes of argument, but without so deciding, that equitable defenses may be raised in the answer to a complaint for unlawful detainer. See Harrell v. Martin, 117 Fla. 754, 158 So. 287 (1934), 35 Am.Jur.2d Forcible Entry and Detainer § 42.
The question then is whether the affirmative defense alleged by Wilkins in his answer would be a proper defense under the laws of Florida. Wilkins relies upon the rule pronounced in Edwards v. Habib, 397 F.2d 687 (D.C. Cir.1968); and Tarver v. G & C Construction Co., Civil #64-2945, E.D.N.Y. November 9, 1964. In Edwards, the court held that "while the landlord may evict for any legal reason or for no reason at all, he is not, we hold, free to evict in retaliation for his tenants report of housing code violations to the authorities."
The record on appeal is not sufficient for us to determine whether Edwards, supra, is applicable. In Edwards, there appears to be no question that the housing and sanitary codes passed by Congress *479 for the District of Columbia and relied upon in that opinion were properly before the trial and appellate court.
In the instant case, the pleadings of Wilkins do not allege a violation of any City of Miami or Dade County, Florida Code. The answer alleged that an inadequate and dangerous electrical system which had been reported to the Miami Fire Department was "confirmed" by them. No specific violation of any Dade County Code, the Dade County Minimum Housing Code, or the South Florida Building Code, was alleged or implied and no code was contained in the record.
The courts of Florida will not take judicial notice of municipal ordinances. Town of Medley v. Caplan, Fla.App. 1966, 191 So.2d 449. Wilkins thus failed to raise a defense in his answer as was required under Fla. Stat. § 51.011(1), F.S.A. In a motion for judgment on the pleadings, the court may not go outside the pleadings to determine the case. Castner v. Ziemer, Fla.App. 1959, 113 So.2d 263.
The final judgment for the plaintiff, Tebbetts, on the pleadings is, therefore,
Affirmed.
CHARLES CARROLL, Chief Judge (dissenting).
I am impelled to dissent. From the record it appears obvious that the appellant was being evicted because he "blew the whistle" on the landlord by reporting a dangerous electrical wiring deficiency in the premises. To sanction termination of a tenancy because of that does not square with the intents of the government and the public in present day efforts to eliminate substandard features in rental housing facilities for low income tenants. I feel that in an appropriate case such as this, the rule announced in Edwards v. Habib, D.C. Cir.1968, 397 F.2d 687, as referred to in the majority opinion, should be given application.