# JOHN C. BILLS v. LEGRI S. RESISTOR CORPORATION
## Case No M-84-11328-C
County Court, Palm Beach County
January 24, 1985

## APPEARANCES OF COUNSEL

**Eric C. Santo** for plaintiff.

**James R. Merola** for defendant.

## OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court upon Plaintiff's Motion to Dismiss Counterclaim for Damages and Defendant's Motion to Consolidate or Transfer.

Counts I and II of Plaintiff's Complaint seek possession of real property. The tenancy at issue is a commercial tenancy. Therefore, Part I of Chapter 83, Florida Statutes controls this proceeding. Defendant's Answer included a counterclaim seeking "compensatory and punitive

damages in excess of $1,000,000.00" The gravaman of the Counter-claim is as follows:

4. During the term of the lease Counterclaim Plaintiff complained to Counterclaim Defendant concerning certain deficiencies in the lease-hold premises. Counterclaim Defendant, from the date of said complaints, has repeatedly attempted to make life miserable for Counterclaim Plaintiff and has gone so far as to try to wrongfully evict Counterclaim Plaintiff. Said action constitutes a wrongful retaliatory eviction.

Defendant seeks to transfer the claim to Circuit Court because its demand for damages exceed this Court's jurisdictional amount. It is this Counterclaim which Plaintiff has moved to strike.

At the outset, it is doubtful that retaliatory eviction is available as a defense in a commercial tenancy. Historically, the defense of retaliatory eviction has been limited to residential tenancies. See, e.g. *Edwards v. Habib*, 397 F.2d 687 (D.C. Cir. 1968); *Dickhut v. Norton*, 173 N.W. 2d 297 (Wis. 1970). Without deciding that question, however, it does not appear that Florida has elevated the retaliatory eviction concept from an affirmative defense in an action for possession to a distinct cause of action entitling a tenant to collect money damages. Those Florida cases discussing retaliatory eviction treat the concept as an affirmative defense. *Kendig v. Kendall Construction Company*, 317 So.2d 138 (Fla. 4th DCA 1975); *Wilkins v. Tebbetts*, 216 So.2d 477 (Fla. 3rd DCA 1968), cert. den. 222 So.2d 753 (Fla. 1969). Moreover, in 1983, the Legislature adopted Section 83.64, Florida Statutes, which specifically characterizes retaliatory conduct in a residential tenancy as a defense to a possessory action. One of the bases for retaliatory eviction as a defense is that a residential tenant is generally not in a position to bargain effectively with the landlord. In a commercial tenancy, the inequality of bargaining position is often less acute, so the retaliatory eviction concept should not be given broader application than in a residential tenancy. Accordingly, it is

ORDERED as follows:

1. Plaintiff's Motion to Dismiss Counterclaim is granted and Defendant's Counterclaim is hereby dismissed.

2. Defendant's Motion to Consolidate and Transfer is moot.

3. This cause shall be set for jury trial on the Court's next available jury calendar.