THE STATE, TO THE USE OF JAS. DARLAND, ADM'R. DE BONIS NON, OF LUKE DARLAND, DEC'D. VS. JOHN S. PORTER, GEORGE KAY. & ISAAC COTTON.

1. In an action of debt on the administration bond, against an administrator, who had been removed, brought by the *administrator de bonis non,* for refusing to pay over the monies &c., in his hands, belonging to the estate of the deceased, it is not necessary to shew in a final settlement made by the displaced Adm'r., and an order for payment made thereon by the county court.

2. The 34th section, 1st article of Act of 1835, concerning Administrators, is not restrictive, but merely directs suit to be brought in certain specified cases.

3. The 35th section, same article, gives a remedy under any circumstances.

4. Declaration contained but one count, in which two breaches were set out. One of the breaches being good, will sustain the declaration.

5. The proper remedy in a case where one breach is defective, is to move on the trial to exclude all evidence relating to that breach.

### ERROR to Platte.

ISAAC N. JONES, for the Plaintiff in error.

DONIPHAN & BALDWIN, for Defendants in error.

#### POINTS AND AUTHORITIES.

1. It is not alleged in the declaration that the order of the county court upon Isaac Cotton, the original Adm'r. to pay over the moneys and effects in his hands to the plaintiff, the Adm'r. *de bonis non*—was made upon a final settlement of his, the original Administrator's, accounts. This objection goes to the whole declaration. Revised statutes, p. 44, § 34.

2. The first breach is insufficient in this, that it is not alleged in that

breach, that said Cotton failed, neglected and refused to deliver the said moneys, credits, promissory notes and effects, to any particular person; and especially it is not alleged, that he failed to deliver them to the plaintiff, but generally, that he failed to deliver them.

Scott, J. delivered the opinion of the court.

This was an action of debt, on an administrator's bond, by an administrator *de bonis non*, against the former administrator, (whose letters had been revoked,) and his securities. The declaration contained a single count, in which two breaches were alleged. The first breach charged that the former adm'r failed to pay over the money, effects, and credits in his hands, belonging to the estate of the deceased, without specifying to whom he failed to pay. The second breach alleged, that the former adm'r failed to pay over the moneys, credits and effects in his hands, belonging to the estate of the deceased, to the adm'r *de bonis non*, in pursuance of an order of the county court of Platte county,

A special demurrer was filed to this declaration, which being sustained, and a judgment rendered for the defendants, the plaintiff has sued out this writ of error.

It seems that the objection to this declaration, in the view of the defendants, is, that there was no allegation of a final settlement of the county court with the former adm'r, and hence it is contended, that under the 34th section, of the 1st Article, of the act relative to administrators, no action can be maintained against a former adm'r, until an order for payment is made by the county court, on him after a final settlement.

The 34th section of the said article, does provide that a former adm'r shall pay over the effects in his hands to his successor, at such times and in such manner as the court shall order, on final settlement.

The next succeeding section exacts, that the next succeeding adm'r may proceed against the delinquent and his securities, or either of them, or against any other person possessed of any part of the estate.

The 37th section of the same article provided, that for a failure to make settlement as required by law, the court may revoke an executor's or administrator's letters.

It is certainly the duty of the county court, to make a final settlement with a replaced executor or administrator, whenever it is practicable; and on that settlement to prescribe the times and manner he shall pay over the effects in his hands; and on a failure to comply with such or-

23

der, suit shall be brought. It is the duty and the interest of the former adm'r to make this settlement; he should go to the court and require it for his own protection, otherwise in an action on his bond, all the presumptions would be against him, and the slightest evidence of indebtedness to the estate of the intestate, would be sufficient. He would be in little better situation than him against whom the maxim is indulged, *in odium spoliatoris omnia praesumnatur*.

It is conceived that the meaning of the 34th section above cited, is, that whenever an order of payment is made on final settlement, and that order is not complied with, suit shall be brought. It was not intended to be restrictive or conveying the idea that suit should be brought only in those cases in which there was a final settlement. It simply intends that when there is a final settlement, and the order of payment made on the settlement is not complied with, suit shall be brought.

To give this section a restrictive interpretation, and that suit cannot be brought after a final settlement with the replaced executor or administrator, is to take away a remedy in all cases. We have seen the 37th section of the 1st article of the act,. contemplates a neglect or refusal by the executor or administrator, to make a settlement and provides a penalty; if then after his letters are revoked, he refuses to make a settlement, no action can be brought against him. We think the 34th and 35th sections are entirely reconcilable with each other. The latter section gives a remedy under all and any circumstances against a former administrator. The first only intended that when a final settlement was made and the times and manner of the payment were prescribed by the order of the county court, that suit should not be brought until there was a failure to comply with the terms of the order.

There is but one count in the declaration, containing two breaches of the condition of the bond sued on. The first of the breaches is bad, but the second is good. The demurrer then must be overruled. The 16th section of the 3d article of the act, Regulating Practice at Law, does not reach this case. In cases situated like this, the proper remedy perhaps would be, to move the court on the trial, to exclude all evidence offered in support of the faulty breach.

The other Judges concurring, the judgment will be reversed.