JOHN A. GREEN V. JOHN B. BANKS AND ANOTHER.

The dissolution of an injunction, on motion of one of two defendants, claim-
ing rights independent of each other, is an interlocutory order.

The partial dissolution of an injunction upon bill and answer, on motion, and
not otherwise disposing of the case, is but an interlocutory order.

The effect of the decision on such motion, is, that if the plaintiff and defend-
ant can establish by proof, the facts, as they have respectively alleged them,
then the decree will be the legal consequence; or that, (the injunction being
partially dissolved,) a part of the equity of the petition, not having been
answered, therefore, as to it, the injunction will be continued in force.   The
disputed facts are not determined on such a motion.

This court has often decided, that a judgment merely for costs, was not a final
judgment; and certainly it is not, where it is expressly stated in the decree,
that the plaintiff's *petition is retained* for a particular purpose, which was the
moving cause of the suit.

ERROR from Travis.   Tried below before the Hon. Thomas
H. Duval.

This suit was instituted by John A. Green against John B.
Banks and Henry Ross.   The facts sufficiently appear from the
opinion.

*J. A. & R. Green,* for the plaintiff in error.

*Haralson, Flournoy & Robards,* and *Shelly & Carrington,* for
the defendants in error.

ROBERTS, J.—This is a suit instituted by Green, in the Dis-
trict Court of Travis county, to enjoin Banks and Ross, and the
sheriff of said county, from further proceeding with two judg-
ments and executions in favor of Banks, and of Ross against
Smith, which were levied on a negro woman, Riva, and her child,
as the property of Smith, and claimed by Green, under a deed
of trust from Smith, executed prior to the levy.   It also seeks
to enjoin Banks and Ross from any further levies upon any other

of the trust property, so claimed by Green. It also seeks to consolidate this case with the case of Ross v. Green, then pending in the District Court of Travis county, for the trial of the right of property to a slave named Simon, that had been levied on by an execution in favor of Ross, issued on the same judgment. The injunction was granted by the district judge, as prayed for, and the writ issued.

Ross is served with the citation and writ of injunction. Banks is served with the writ of injunction, but no citation for him appears in the record. "The defendant, by his attorney," moves the court to dissolve the injunction, upon various grounds set forth in the motion, which is signed by several gentlemen, as " attorneys for defendant." Upon the hearing of this motion, " the court ordered that the said injunction be dissolved, except so far as it restrains the sale of Riva and child, described in plaintiff's petition." This order was made on the 22d July, 1856. The motion above referred to, was filed on the 19th of June, 1856; and on the same day, Banks filed general exceptions, and an answer, which prays a dissolution of the injunction, and that the petition be dismissed.

On the 4th of August, 1856, the following entry was made in the case: " This day, coming on for hearing, on the petition and answer of the parties, on motion to dissolve the injunction heretofore granted, and the parties having announced themselves ready for trial upon said motion; thereupon, the court having heard the argument of counsel, and considered the allegations of the petition and answer, ordered, adjudged and decreed that the injunction heretofore granted in this cause, be, and the same is hereby dissolved, as to all things, except as to the levy and sale of the negro girl, Riva, and her child; and it appearing to the satisfaction of the court, that there is no other equity in the plaintiff's petition, the same is dismissed, as to all the other allegations therein contained. It is further ordered, adjudged and decreed, that the said defendant, John B. Banks, be restrained from proceeding to sell the said negro girl, and her child, levied upon, as alleged in plaintiff's petition, until the decision of the

Supreme Court has been rendered in the case of John B. Banks v. Wesley Smith, defendant, and John A. Green, trustee, claimant, taken by appeal to said Supreme Court, by the said John A. Green ; and that the plaintiff's petition in this cause be retained for that purpose alone." Then follows a judgment in favor of Banks against Green and his sureties, for all costs of this suit.

The first order above recited, is clearly an interlocutory order, upon motion to dissolve, for want of equity in the petition, and not a final judgment. It limited the operation of the injunction to one, out of the several objects originally embraced, to wit, to restraining the sale of Riva and her child. Unless this motion was made by Ross, there has been no disposition of the case whatever, in reference to him. The last order relates to Banks, and is also an interlocutory order, dissolving the injunction in part only, upon bill and answer, and not upon final trial. The only alteration made in the previous order, if they both relate to Banks, is, that the injunction is still further limited, so as to restrain the sale of Riva and her child, until a certain case is decided in the Supreme Court. The recital in the judgment shows, that the case was not submitted to the court for final adjudication, but only on a motion to dissolve, on petition and answer. The effect of a decision on such motion is, that if the plaintiff and defendant can establish by proof, the facts, as they have respectively alleged them, then this decree will be the legal consequence ; or, that this much of the equity of the petition has not been answered ; and therefore, as to this, the injunction will be continued in force. The disputed facts are not determined on such a motion. The purport of this judgment is, that the petition contains equitable grounds for restraining Banks, in selling said slaves, Riva and her child, by virtue of his levy, until the Supreme Court decides a certain suit, then pending therein ; and that for this purpose alone, the petition is not dismissed, but is retained in court, that the plaintiff may establish the facts upon which this equity arises, upon a trial of the cause, to be had for that purpose. (Upon such trial, either party may

Green v. Banks.

demand a jury to determine the disputed facts.) The decree expressly retains the case for this restricted purpose. That purpose, however, was the principal object of the suit; for the levy of the executions upon Riva and child, was the moving cause for its institution.

The only thing which militates against this most obvious view of the order, is the judgment for costs, in favor of Banks against Green and his sureties. This court has often decided, that a judgment merely for costs, was not a final judgment. And certainly it could not be construed to be a final disposition of this case, when it is expressly stated in the decree, that the plaintiff's *petition is retained* for a particular purpose, which was the moving cause of the institution of the suit. There is no part of the record which assumes to be a final disposition of the cause, as to Ross.

We are of opinion, therefore, that there is no final judgment in the record, and that the writ of error must be dismissed.

Dismissed.