WILLIAM SEDGWICK, PLAINTIFF AND APPELLANT, vs. DEWITT C. DAWKINS, DEFENDANT AND RESPONDENT.

1. A motion in arrest of judgment made at one term cannot (under the statutes of this State,) be changed by amendment, or otherwise, at a subsequent term into a motion for a new trial.

2. A court of record has inherent power to correct the mistakes of its officers, so that its record may speak the truth as to its action. Clerks of the Circuit Court have no authority to enter a judgment, after the expiration of the term, upon a verdict rendered in term. Such an entry, though placed in the minutes as being rendered during term, may be inquired into by the court at a subsequent term, and if no such judgment was rendered by the court, such entry should be corrected. The corrections may be made upon parol evidence, and the presumption in this court is that there was sufficient to justify the action of the Circuit Court.

Appeal from the Circuit Court for Duval county.

This is an action of ejectment brought by Sedgwick against Dawkins to spring term, A. D. 1870, of the Circuit Court for the Fourth Judicial Circuit of Florida, Duval county. At that term there was trial and verdict for the plaintiff. The defendant, within four days after the verdict, entered a motion in arrest of judgment, which the court continued. No supersedeas was ordered by the court. Upon the record is a judgment, regular in form, purporting to have been entered on the same day that the verdict was rendered.

Afterwards, and on the third day of June, A. D. 1870, follows an order of adjournment for the term, and to this as the last entry in the minutes is the signature of the judge. After this adjournment for the term, and on the fourteenth day of June, A. D. 1870, the defendant notified the clerk "not to enter up any judgment in the case until instructed by the judge so to do, as no judgment has been entered in term." The clerk, paying no attention to the notice, issued on the same day a writ of *habere facias possessionem,* and the plaintiff was put in possession. The defendant then filed a petition before the judge, setting up the fact that no judgment was entered until after the adjournment of the court for the term, and alleging that he had filed a bill for an injunction to stay proceedings at law. On the fifteenth of June, the judge ordered the sheriff " to suspend the writ until further orders." This order was subsequently revoked. At the succeeding fall term of the court, the defendant moved the court to correct the entry of the judgment and to re-instate the case upon the docket, upon the ground that it was not regularly rendered and entered upon the minutes, or judgment record, in term," and because it " appears of record that it was entered by the clerk out of term, ten days after the adjournment, and against the consent of the defendant." The court, after hearing, found that no judgment " was taken, ordered or rendered in term;" that what purported to be a final judgment of the court, was entered by the clerk eleven days after the adjournment for the term, ordered a restitution of the premises to the defendant and re-instated the case upon the docket. The case being re-instated, the defendant moved to amend his pending motion in arrest of judgment, and to file in lieu thereof a motion to set aside the verdict and for a new trial.

The defendant was permitted to substitute a motion to set aside the verdict and for a new trial for the motion in

arrest of judgment. After hearing, a new trial was granted. To these orders of the court the plaintiff excepted. His exceptions were noted and signed, and are regularly in the record. There was a trial with verdict for the defendant. A motion by the plaintiff for a new trial was denied, and there was final judgment for the defendant. There is no bill of exceptions in the record containing any of the evidence presented upon either trial. Exceptions were taken to the order of the court reinstating the case, granting permission to file the motion for new trial in lieu of the motion in arrest of judgment, and to the order granting a new trial. From this final judgment, the plaintiff prosecutes this appeal, taken under the provisions of the Code of Procedure.

*H. Bisbee, Jr.*, for Appellants.

*C. P. Cooper* for Appellee.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

In the absence of a bill of exceptions or case, this court cannot consider any matter of evidence, or of law, in the shape of instructions based upon evidence, where a knowledge of the evidence is necessary to determine its application or correctness. The evidence heard upon either of the trials, or which was considered in the disposition of the several motions in this case, is, for this reason, not before us for consideration.

Under these circumstances, the presumption of law is that there was evidence to justify the action of the court in all matters where there was an issue of fact presented for its consideration. In the absence of a bill of exceptions, we are restricted to errors apparent upon the record, the general rule being that whenever the error is apparent upon the record, it is open to revision, whether it be made to appear by bill of

exceptions, or otherwise. 20 How., 433; 5 Fla., 465; 11 How., 669; 6 Cranch, 221; 4 How., 131; 6 Wheat., 410. Whether it is necessary under the code to note exceptions to the action of the court involving errors apparent upon the record, it is unnecessary to consider here, as we have here exceptions to all of the material action of the court subsequent to what purports to have been a judgment at the term at which the first trial occurred. As to the action of the court at the succeeding fall term, it is here properly presented for consideration. Thus disposing of the only questions of practice which can be suggested as to this final judgment, we reach the questions presented for consideration by this record.

As to the last and final judgment of the court, we examine but one question.

A motion in arrest of judgment was made at spring term, A. D. 1870. This motion was continued, and at fall term, A. D. 1870, the court, upon motion of the defendant, permitted him to substitute for this motion in arrest of judgment a motion for a new trial. This motion was heard and granted, and upon the new trial this final judgment was rendered. This substitution of a motion for a new trial for the motion in arrest of judgment, after the expiration of the term at which the verdict was rendered, is clearly erroneous.

This action of the court and its result, the subsequent new trial and judgment, cannot be sustained.

A motion in arrest of judgment, made at a past term of the court, cannot be changed by amendment, or otherwise, at a subsequent term, into a motion for a new trial. The statute regulating the practice in this respect provides: "That no motion for a new trial, or in arrest of judgment, shall be made, unless the party intending to make the same shall file his reasons with the clerk in writing, and cause his motion to be placed upon the motion docket within four

days after the verdict shall have been rendered, and during the same term ; nor shall a motion for a new trial, or in arrest of judgment, standing over from one term to another, operate as a supersedeas unless so ordered by the court." Thomp. Dig., 351.

The motion for a new trial here was not placed on the motion docket until after the term had expired. The motion made at the term of the trial was in arrest of judgment. At the second term the defendant was restricted to this motion, and however he may have amended by adding new and additional grounds applicable to the motion in arrest of judgment, he could not file " in lieu of it " a motion for new trial. This the statute clearly prohibits. The necessary consequence is that this final judgment must be reversed and the case remanded to stand upon the motion in arrest of judgment, unless the action of the court in setting aside what is claimed was a final judgment, duly rendered at Spring Term, 1870, was erroneous. This is the only remaining question.

It appears from the record that the court, upon motion of the defendant, set aside what purported to be a judgment, regularly entered, upon the ground that no such judgment " was taken, ordered or rendered in term, and because, what purported to be a final judgment of the court, was entered by the clerk eleven days after the adjournment for the term." The power and duty of the court thus to make its record speak the truth is here questioned by the appellant. It is insisted that after the adjournment of the court for the term, it was beyond its power thus to open a judgment appearing regular upon the minutes of the court.

When a final judgment has once been pronounced, and the term at which it is given has expired, neither the court nor the parties to the record have any longer any power or control over it. It then becomes a public judicial record, stamped with the seal of finality and truth, not to be affect-

Sedgwick v. Dawkins—Opinion of Court.

ed except when assailed upon the ground of fraud, want of jurisdiction, or other like ground. This is the frequently announced doctrine of this court. Its application to this case, however, is not seen.

What is here affected by the action of the court after expiration of the term is not a judgment of the court; it is an act of the clerk not authorized by law. 9 Cal., 173; 3 Texas, 515; 7 Cal., 53; 1 Cal., 429. There is nothing in this record which brings up any of the evidence heard by the court upon this motion. Unless the record shows clearly error in matter of fact, the rule in such a case as this is that the finding of the court must be sustained. 8 Cush., 317; 2 Cush., 124; 14 John., 219; 2 Cowen, 410; 7 Cowen, 344; 7 Cush., 282; 7 Gray, 172.

The fact here, therefore, as we must consider it, is, that the clerk, after the adjournment for the term and in vacation, enters in form a judgment in a case where no judgment was rendered in term by the court. Such an act as this cannot be protected by interposing the sanctity and verity of a judicial record. The power which the court here exercised is the universally conceded power of the court to make the record speak the truth as to its own act. The court cannot be thus estopped from inquiring whether this entry speaks the truth. Its power to perfect the proceedings according to the truth as it existed at the time of the adjournment for the term is full and complete, and the fact that verity attaches to an act of the court is a strong reason for giving enlarged powers to ascertain whether, what purports to be an act of the court, was such. 6 Cush., 354; 7 Cush., 282; 8 Cush., 317; 14 Ark., 206; 4 Eng., 188; 6 Tenn., 8; 7 Tenn., 699; 17 Ark., 100; 3 Cowen, 44; 4 M. & S., 94; 1 Pick., 351; 3 John., 526; 4 Cowen, 71.

Neither this court nor the Circuit Court can obviate or disregard the necessary legal result of the failure of the defendant to enter his motion for a new trial at the term of

the trial. His motion at the subsequent term was too late. It is expressly forbidden by the statutes. The Circuit Court should have restricted the defendant to his motion in arrest of judgment. If the defendant was entitled to a new trial, he has failed to get it by his own laches, which neither this court nor the Circuit Court can remedy.

The final judgment herein rendered, the order permitting the defendant to file a motion for a new trial after the expiration of the term at which the trial was had, and the order granting a new trial, are reversed, and the case is remanded to stand for hearing upon the motion in arrest of judgment. The costs to be paid equally by the parties.