WILLIAM SEDGWICK, PLAINTIFF AND APPELLANT, VS. DE-
WITT C. DAWKINS, DEFENDANT AND RESPONDENT.

1. After final judgment in proceedings commenced under the common
law practice anterior to the code, an appeal prosecuted after the
passage of the code is controlled by the provisions of the code.

2. The code does not require a bond in an appeal. It requires an un-
dertaking. Such undertaking need not be approved by the Judge
or Clerk.

3. Where the final judgment is a judgment for defendant upon his mo-
tion to arrest a judgment upon a verdict of the plaintiff, the error,
if there be one, is an error apparent in the record, and no excep-
tion, or bill of exceptions, or case is necessary to the review of the
action of the court.

4. A judgment "that the plaintiff take nothing by his declaration in
this cause, and that defendant do have and recover of the plaintiff
his costs now taxed at —— dollars and —— cents," is a final dis-
position of the subject-matter of the litigation, and an appeal lies
from such judgment to this court.

5. Motions in arrest of judgment arise from *intrinsic* causes appearing
upon the face of the record, and must be founded upon such mat-
ter as would, upon demurrer, have been sufficient to overthrow
the action or plea.

Appeal from the Circuit Court for Duval county.

The respondent moved to dismiss the appeal on the
grounds stated in the opinion of the court on the motion.

*D. C. Dawkins in pro. per.* for the motion.

*H. Bisbee, Jr., contra.*

MR. JUSTICE WESTCOTT delivered the opinion of the
court.

In order to a fair consideration of this motion it is neces-
sary to give to some extent a history of the case in which it
is made.

It is an action of ejectment which had been commenced,

and which had proceeded to final judgment before the code became operative. The first appeal from this judgment was taken after the code became operative and when it was in force. Paragraph 3 of section 383 of the code provides that its provisions shall apply to future proceedings in actions or suits heretofore commenced and now pending or determined in three enumerated cases, one of which is " after a judgment or order, to the proceedings to enforce, vacate, modify or reverse it, including the costs of an appeal." That is this case.

The first appeal of April 22, 1876, was taken under the code. The next of December 13, 1879, was taken under the code. The next of May 11, 1880, was taken under the code ; and this the last appeal is taken in the same way. Is this last appeal prosecuted after the repeal of the code properly prosecuted under it ? The 11th section of the act (Chapter 1938, Laws,) repealing the code provides that all suits already commenced * * * shall be proceeded in as if this act had not passed. It is thus clear beyond question that this case is, as it was described in the opinion rendered and case stated upon the first appeal of April 22, 1876, (16 Fla., 198,) " An action of ejectment * * * the plaintiff prosecuting the appeal under the provisions of the code."

The first ground upon which this motion to dismiss is made is that there is no lawful appeal bond.

The code does not require a bond upon an appeal, an undertaking is required, and while the copy of the undertaking which appears in the record here is fatally defective, in that it is for one hundred and fifty instead of two hundred and fifty dollars, yet it is admitted by the respondent that the original on file in the Circuit Court is for two hundred and fifty dollars. This is perhaps a jurisdictional question, the code providing that to render an appeal effectual for any

purpose this undertaking or a deposit must be made. As to this ground of the motion, therefore, we will direct a certiorari to bring up a correct copy of the undertaking in this case as filed in the Circuit Court, and if it is in the sum of one hundred and fifty dollars the appeal will be dismissed. If it is for two hundred and fifty the motion will be denied.

This undertaking is not required to be approved by the Judge or Clerk.

The next ground upon which the dismissal of the appeal is sought is because there is no case or exceptions as required by the code.

The appeal here is taken by plaintiff from a judgment for defendant upon his motion to arrest judgment upon a verdict for the plaintiff.

No such thing as a motion in arrest of judgment was known to the code, and a case and exceptions were applicable to a motion for new trial. The action of the court in rendering judgment upon a motion in arrest of judgment is not taken with reference to facts in evidence, instructions or other matters which are not in the record, except so made by a bill of exceptions or case. This action is upon matters necessarily within the record, matters intrinsic exclusively, and an exception or case is not required to have a review of such action. If the error is "apparent in the record," no exception is necessary, such as in the case of error in a judgment upon demurrer or upon a motion in arrest of judgment.

The remaining grounds upon which a dismissal is sought are that there is no final judgment from which an appeal can be taken, and that this appeal is from an interlocutory judgment from which two appeals have been dismissed.

The judgment here is, " that the plaintiff take nothing by his declaration in this cause, and that defendant do have

and recover of the plaintiff his costs now taxed at —— dollars and —— cents."

This judgment, though not very formal in its very terms, disposes of the subject matter of the litigation, and that is all that is necessary. No further action can be taken as to the merits of this controversy while it remains in force. 5 Texas, 450; 9 Mo., 354; 25 Texas, 319; 24 Texas, 522; 51 Mo., 468. There may or may not be further proceedings as to taxation of costs, but the judgment is none the less final on that account, as it is a final disposition of the subject matter of the litigation.

The motion is denied.

A certiorari having issued, and return thereto being made, and it showing that the appeal undertaking was in the sum of $250, the case was submitted.

The facts are stated in the preceding and following opinions.

*H. Bisbee, Jr.,* for Appellant.

*D. C. Dawkins* for Respondent.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

This is a case under the code. It has been before this court several times and in various forms, upon appeal and upon motion to dismiss the appeal. The facts and history of the case may be learned by referring to 16 Fla., 198; 17 Fla., 555, 556, 811; and to the opinion upon the motion to dismiss this appeal decided at this term of the court. The second and third appeals were dismissed for the reason that there was no final judgment. Subsequent to that decision, and on the 23d day of May, 1881, final judgment was perfected and this appeal is here. After verdict in favor of the plain-

tiff, the defendant, Dawkins, moved in arrest of judgment. The court granted the motion, arrested the judgment, and the final judgment so entered is upon this motion in arrest, and adjudges " that the plaintiff take nothing by his declaration in this cause, and that the defendant do have and recover of the plaintiff his costs," &c.

The only pleadings in the case were a declaration and plea. The declaration was in ejectment to recover a piece of land in Jacksonville, and the plea was simply " not guilty." There was no objection made or exception taken to the form of the pleadings. Motions in arrest of judgment arise from *intrinsic* causes appearing upon the face of the record. 2 Blackstone, 393–4; Murray vs. The State, 9 Fla., 246.

" This is an invariable rule with regard to arrests of judgment upon matter of law that whatever is alleged in arrest of judgment must be such matter as would upon demurrer have been sufficient to overthrow the action or plea." This question, the only one arising in this case, is in fact settled by the opinion, *ante*, on the motion to dismiss the appeal. Judgment reversed and final judgment on the verdict below ordered.