LEON & H. BLUM v. SCHRAM & Co.

(Case No. 1561.)

1. BILLS OF EXCEPTION — PRACTICE.— Bills of exception which have not been presented to the district judge for signature within ten days after a motion for a new trial has been refused, will on motion be stricken from the record in the supreme court. But if the statement of facts containing bills of exception to the admission of improper evidence was signed and approved during the term and within ten days after the end of the trial, the bills of exception would be considered. It would be otherwise if such statement of facts was presented to the judge more than ten days after the conclusion of the trial.

2. PRACTICE — INJUNCTION.— It is not error; after the dissolution of an injunction because the answer has denied and taken away the equity of the bill, for the court to retain control over the case until after trial upon the merits.

3. INJUNCTION — ATTACHING CREDITOR.— An attaching creditor whose writ of attachment has been levied on goods in the possession of the sheriff by virtue of an execution issued on a judgment by confession, alleged to be fraudulent, has such a lien on the goods as to authorize, under proper averments, the issuance of injunction.

4. CHARGE OF COURT.— A charge to the jury which assumes as true the existence of a fact clearly established by evidence, which was not excepted to, so as to procure the ruling of the supreme court on its admissibility, is not error.

5. FRAUD — CONFESSION OF JUDGMENT.— See opinion for a charge, and statement of the case for facts, under which the charge was held proper in a contest between an attaching creditor and one claiming under a confession of judgment by an insolvent debtor, which judgment was attacked for fraud in its procurement.

ERROR from Galveston. Tried below before the Hon. Wm. H. Stewart.

Leon & H. Blum, plaintiffs in error, about 10 o'clock at night on the 26th day of November, A. D. 1881, for their use, and of certain other firms, obtained by confession a judgment against Donnenbaum & Friedlander, a firm then doing business at Seguin, Texas, for the sum of $4,392.21; and on the same night had two executions issued on that judgment, one to Galveston county, which was on

that night returned *nulla bona*, and the other to Guadalupe county; the latter, on the 28th day of November, 1881, being levied on the stock of goods of said Donnenbaum & Friedlander, at the town of Seguin; a sale of the goods was advertised to take place in Guadalupe county on the 9th day of December, 1881. On the 6th day of said December, Schram & Co., defendants in error, made application to and obtained from the Hon. G. H. Noonan, judge of the twenty-second judicial district, a writ of injunction restraining Leon & H. Blum, and the sheriff of Guadalupe county, from further proceedings under that judgment and execution until the further orders of the district court of Galveston county in the premises.

Schram & Co.'s bill for injunction was filed in the district clerk's office of Galveston county on December 8, 1881, on same day the injunction was issued, and on the following day, and before the sale of the property, service thereof was accepted by the sheriff of Guadalupe county.

On the 7th day of January, 1882, upon the application of Leon & H. Blum, the district court of Galveston county ordered the sale of the property so levied on, as being perishable and liable to deteriorate in value by keeping the same till the final disposition of the suit, and on the 17th day of January, 1882, the sheriff, under that order, sold the same at public auction to Leon & H. Blum for the sum of $2,900, which amount was deposited with the clerk of the district court of Galveston county.

Schram & Co., in their bill, set forth that they were then, and had been on the 24th day of November, 1881, creditors of Donnenbaum & Friedlander in a large amount, to wit, the sum of $2,166.66; and on the last mentioned date had granted to Donnenbaum & Friedlander an extension of their indebtedness (then due) to the extent of $1,666.60, and took their notes for that amount, payable at various times thereafter; and for the remainder of said indebtedness Donnenbaum & Friedlander gave their sight draft on A. Harris & Bro., of Houston, Texas, which, when presented, was dishonored and not paid. That thereafter, on the 26th day of November, 1881, Donnenbaum & Friedlander confessed judgment in the district court of Galveston county in favor of Leon & H. Blum, in the sum before mentioned; that the same was rendered at an unreasonable hour, and was so confessed for the purpose and intention of defrauding Schram & Co. out of their debt, and that Blum & Co. were parties to and participated in the fraud; that Donnenbaum & Friedlander were insolvent, and that Blum & Co. had full knowledge thereof. That the stock of goods was the only property of Don-

nenbaum & Friedlander liable to execution; that the execution by which the same was seized was fraudulent, and that if a sale thereunder was had, Schram & Co. would suffer "great and irremediable and irreparable injury." The petitioners prayed that the sheriff be restrained from proceeding under the execution, and from making sale, and that the judgment be set aside and impeached as being fraudulent and void.

Answer was filed by Leon & H. Blum and others, alleging want of equity in the petition, and denying the material allegation relied on for relief; and also alleged that they had a lien upon the property so levied upon, and upon the proceeds thereof realized by the sale under the order of the court, and prayed that the injunction be dissolved, and the said proceeds of property be applied to satisfaction of the judgment.

On the 27th of February, 1882, Schram & Co. filed their first supplemental petition, and in responding to the matters set up in the answers, among other things, denied the alleged lien and right of defendants to the money. That they, Schram & Co., had a lien thereon by virtue of a writ of attachment issued in a suit in Guadalupe county on the 2d day of December, 1881, and levied on the goods, which suit was filed on said last mentioned date, and the said Schram & Co. were plaintiffs therein, and the said Donnenbaum & Friedlander were defendants therein, and which was brought upon their indebtedness before referred to. In their supplemental petition Schram & Co. prayed that the fund be turned over to them, or so much thereof as may be necessary to satisfy their debt, or that the same be ordered transferred to Guadalupe county to abide the decision of the suit pending in that county. On the 10th day of February, 1882, the defendants made a motion to dissolve the injunction, which was not presented till February 27, 1882, at which time the court dissolved the injunction, because the defendants under oath denied the "allegations of the bill," and because said injunction could serve no other purpose, since the property had been sold and the money paid into court.

On the 1st day of March, 1882, the cause was tried before a jury, who rendered a verdict in favor of Schram & Co., and upon this verdict the court entered judgment that the confessed judgment was fraudulent and void so far as the same affected said Schram & Co., and that the execution issued on that judgment was declared fraudulent and void so far as the same affected the rights of Schram & Co. to the fund in court, and so far as the execution affected such funds the same was vacated and annulled. And the injunction be-

fore issued, as far as the same pertained to said stock of goods and the proceeds thereof, was made perpetual. It was further ordered that the said fund remain *in statu quo* until the final disposition of the cause pending in Guadalupe county.

Defendants' (Blum *et al.*) motion for a new trial being overruled, they gave notice of appeal in open court, and Leon & H. Blum, alone, brought the cause into this court by writ of error.

*McLemore & Campbell* and *Scott & Levi*, for appellants.

I. The court erred in not dissolving the injunction and dismissing the petition and suit, because there was no equity in said petition upon which the plaintiffs were entitled to the injunction granted, in this, that by the petition it appears that the plaintiffs were not judgment creditors of Donnenbaum & Friedlander, and had no lien or specific right to or claim upon the property which Leon & H. Blum were restrained from selling — under their execution,— and which property was represented by the funds in court. R. S., art. 2898; Adler *v.* Fenton, 24 How. (U. S.), 407; Holdrige *v.* Gwynne, 3 C. E. Green, 26; Young *v.* Frier, 1 Stock., 465; Uhl *v.* Dillon, 10 Md.; Rich *v.* Levy, 16 Md., 74; McGoldrick *v.* Slevin, 43 Ind., 522; Mills *v.* N. R. Road Co., L. R., 5 Ch., 621; Oberholser *v.* Greenfield, 47 Ga., 530; Mayer *v.* Wood, 56 Ga., 427; Dortic *v.* Dugas, 52 Ga., 231; Peyton *v.* Lamar, 42 Ga., 131; Angel *v.* Draper, 1 Vern., 399; Shirley *v.* Watts, 3 Atk., 200; Bennet *v.* Musgrave, 2 Ves., 51; Phelps *v.* Foster, 18 Ill., 309; Bigelow *v.* Andress, 31 Ill., 322; Rhodes *v.* Cousins, 6 Rand., 188; Martin *v.* Michael, 23 Mo., 50; High on Injunctions (2d ed.), vol. 1, § 731; id., vol. 2, 1403, 1404 and 1405; High on Injunctions (1st ed.), 26, 27, 94, 2501.

II. The court erred in not dismissing the suit on dissolution of the injunction, because by the dissolution of the injunction Leon & H. Blum were authorized to, and did take the funds in court; and after the funds were disposed of, there was nothing left over which to contend in said cause. R. S., art. 2892.

III. The court erred in assuming from the evidence that any sufficient attachment had been levied by plaintiffs on the property, proceeds of sale of which were in court, because there was no evidence of any proceedings pending or instituted by plaintiffs in any court whereby they were entitled to the rights of attaching creditors in this cause, and this was a material issue. Abbott's Trial Evidence, p. 537, note 2; Roscoe's Evidence, title "Nisi Prius," 125.

IV. The court erred in its charge to the jury in this: that the court charged the jury more than once in its charge in chief that if

the defendants L. & H. Blum had knowledge, or could have had by reasonable diligence of inquiry, that Donnenbaum & Friedlander intended and desired to hinder and delay Schram & Co., plaintiffs, in the collection of their debt, the preference in the judgment confessed would be fraudulent, although the preference was given to secure or pay the honest debts of Donnenbaum & Friedlander to the judgment creditors as confessed. And again gave the same charge when asked by the plaintiffs in a special charge and marked "third" in the margin of the charge as given. Wright *v.* Sims, 16 Tex., 42; Baldwin *v.* Peet, 22 Tex., 716, 717; Howerton *v.* Holt, 23 Tex., 59; Leitah *v.* Hollister, 4 Comst., 211; Burrill on Assignments (4th ed.), 489, page (328); Bellamy *v.* Bellamy, Adm'r, 6 Fla., 102; Hollister *v.* Land, 2 Mich., 309, 316.

*Tarleton & Boone* and *Mason & Davidson*, for defendants in error.

West, Associate Justice.— The motion to dismiss must be denied. The judgment makes a final disposition in some form of all the matters presented by the pleadings to the court for determination. In this respect it differs in a marked degree from the cases of Linn *v.* Arambould, 55 Tex., 611, and Green *v.* Banks, 24 Tex., 522. It may be that in some matters the judgment was irregular, or possibly even erroneous. With this we have nothing to do. It is in its character and effect a final judgment, and as such final judgment is subject to revision here.

The motion of the defendants in error to strike from the record the bills of exception must prevail. These bills were not presented to the district judge for signature within ten days after the motion for new trial was refused. See Sabine & E. Texas R. R. Co. *v.* Joachimi, decided at this term.

These same bills of exception are also embodied in the statement of facts, as seems to be permitted in some cases by rule 56 of the district court. Though the Revised Statutes, which require the presentation of bills of exception to the judge within ten days after the conclusion of the trial, have been enacted since the publication of this rule, yet if the statement of facts containing the bills of exception to the admission of improper evidence were signed and approved during the term and within ten days after the end of trial, we would feel bound to regard them. But this could not be done in view of the present statute, where, as in this case, more than ten days after the conclusion of the trial had elapsed before the statement of facts was presented to the judge.

The court did not err in retaining its control over the case after sustaining the motion to dissolve the injunction, by reason of the sworn answer of the defendants below having denied and taken away the equity of the bill.

The original petition, we are inclined to think, by reason of its specific averments of the fraud practiced by the plaintiffs in error in obtaining the judgment by confession, and by its precise allegations setting forth fully the insolvency of the defendants in the judgment attacked for fraud, and showing on its face that the only remedy of the defendants in error was in equity, was sufficient to authorize in the first instance the issuance of the writ of injunction. Why wait until a suit at law had been brought, a judgment obtained and an execution issued and returned *nulla bona*, when the facts disclosed show there was nothing to be reached by the final process of the court; especially in this state, where matters of law and equity are cognizable in the same court, without regard to the distinctions in forms of action that exist at common law? All the insolvent debtor's property was held for the plaintiff in error, under the operation of the execution issued on the judgment obtained fraudulently by confession, as the defendants in error allege.

Without, however, expressing more fully an opinion on the point, we hold that the court decided correctly in refusing to dismiss the case, or sustaining the motion to dissolve the injunction. The petition prayed that the judgment in favor of plaintiffs in error against Donnenbaum & Friedlander be vacated and set aside, and that the levy made by virtue of the execution issued on the judgment be declared void. The court properly retained the case to try these issues, and also to finally dispose of the proceeds of the property that had been sold under its own orders. Over this branch of the case, by its order made when the injunction was dissolved, it is evident that the court contemplated taking further action on its final disposition of the other issues in the case. If any doubts existed as to the power of the court to proceed in the case, based on the ground that the averments in the original petition were not sufficient, these were all dispelled during the further progress of the cause.

Before the court had disposed of the motion to dissolve, the defendants in error, by their subsequent pleadings, set up fully the fact that they had in their suits which were referred to in their original petition for injunction as then pending in the district court of Guadalupe county against Donnenbaum & Friedlander, then sued out a writ of attachment, and had levied it on the same goods that had been taken into possession by the sheriff under the execution in

favor of the plaintiffs in error.  By virtue of this they claimed, before the injunction was dissolved, to have a lien on the funds then in the hands of the court.  Under these additional facts disclosed by the pleadings, there could be no doubt of the power and duty of the district court to proceed with the trial of the case on its merits.

An attaching creditor whose writ of attachment has been levied on goods in the possession of the sheriff by virtue of an execution issued on a judgment by confession alleged to be fraudulently obtained, has such a lien on the goods as to authorize, under proper averments, the issuance of an injunction.  Nor do we think the court erred, under the circumstances of the case, in assuming in its charge the existence and levy of the writ of attachment.

As the plaintiffs in error failed to present here for revision the ruling of the court on the admission of the evidence, to show that the writ of attachment had been levied on the goods in question, they must be considered to have waived it.  This evidence then being before the jury without objection, and the fact of the existence of the writ of attachment being practically the question, it was not error for the court, under the circumstances, to announce to the jury the fact that the writ of attachment existed.  It had in the previous sentence assumed the existence of the writ of execution that had been levied by the plaintiffs in error on the same goods.  This action of the court, in any event, worked no prejudice to any right of the plaintiffs.

This brings us to the consideration of the action of the court in giving the charges asked by the defendants in error, and in refusing those asked by plaintiffs in error, and also to a consideration of that portion of the main charge of the court that is brought under revision by the assignment of errors.

The court, of its own motion, charged the jury to this effect:

" That a debtor has the right to confess judgment in favor of any one or more of his creditors, giving such creditor or creditors a preference over other creditors, if done solely for the purpose of preferring a creditor or creditors, without any intent to hinder, delay or defraud other creditors not included in such judgment. The mere fact that the confessed judgment does in fact hinder or delay or defeat the other creditors would not render such confessed judgment void as to the left-out creditors; but to render such a confessed judgment void, it must be shown that it was the intent of the parties to the judgment to hinder or delay or defraud the other creditors."   .  .  .

" In determining whether or not the intent of the parties to said

judgment was solely for the purpose of securing the preferred creditors named in the judgment, you are to take into consideration all of the facts and circumstances in evidence."

At the request of defendants in error, it instructed the jury as follows:

"In this cause the jury is instructed that if they believe, from the evidence, that Donnenbaum & Friedlander were indebted to the plaintiffs Schram & Co. on the 26th day of November, 1881, then it is not enough that Blum and his coplaintiffs in the judgment of that date was taken and confessed for valid debts due to them from Donnenbaum & Friedlander, but there must be an absence of knowledge on the part of Blum that Donnenbaum & Friedlander had a further purpose in confessing such judgment to hinder or delay or defraud Schram & Co."

We regard these charges, under the facts of the case, as fairly enough directing the minds of the jury to the true issues in the case. They are not, when considered in connection with other portions of the main charge, unfavorable to the plaintiffs in error, and were sufficient to enable the jury to understand the law applicable to the facts of the case.

L. & H. Blum asked a charge wherein it was claimed, as matter of law, that unless the jury should find that Schram & Co. had the *lien* of attachment creditors, they should find for defendants, which the court refused.

The refusal of the instruction was not error. The evidence that a writ of attachment had been levied on the property had been suffered to go to the jury without a bill of exceptions being saved.

The further question raised by the instruction, as to whether the writ of attachment created a *lien* on the goods in favor of the defendants in error, was not a matter of fact to be submitted to the jury. That was for the court to decide, as matter of law.

The final judgment disposed, in some manner, of all the matters in controversy, so as to have been satisfactory to the defendants in error. None of the grounds of error assigned by the plaintiffs appear to be well taken, and the judgment is accordingly affirmed.

AFFIRMED.

[Opinion delivered February 9, 1883.]

Chief Justice WILLIE did not sit in this case.