Opinion by
Willson, J.
§ 185. Exceptions to evidence in statement of facts must be filed during term. Exceptions taken to evidence admitted on the trial, which are embraced in the statement of facts, cannot be considered where the statement of facts was filed after the adjournment of the court. [Blum v. Schram, 58 Tex. 524; R. R. Co. v. Eddins, 3 Tex. Law Review, 67; Lockett v. Schurenberg, id. 98.]
§ 186. Passenger on train; rights of; charge of court. The court charged the jury as follows: “If you believe, from the evidence, that plaintiff, Mary Johnson, had purchased of defendant a first-class ticket, as alleged by her, this entitled her to be carried between the points called for in said ticket, in the cars provided by defendant for the carriage of persons of her sex, riding on such tickets, and to as good accommodations as other persons of her sex, using the same kind of ticket; and if you believe, from the evidence, that said plaintiff had such a ticket which entitled her to ride on defendant’s cars from Bonham to Sherman, and that she was refused admission to the car in which she was entitled to ride, and compelled to ride in a car of less accommodations and less comfortable than the one she was entitled to ride in, by defendant’s servants and agents in charge, and that in so excluding her from the car in which she was entitled to ride, and compelling her to ride in said other car, defendant’s said servant or agent assaulted said plaintiff, and pushed or caused her to fall against the brake or railing of the cars, whereby she sustained injury, you will find in favor of the plaintiff such amount of actual damage as she may have sustained by reason of such acts, and in estimating this damage, you will take into consideration all the circumstances, and allow her compensation for any injury to her feelings, pain and humiliation of *155 mind, you may believe she suffered by -reason thereof, as well as the actual inconvenience and bodily injury, including both mental and physical pain, you believe she suffered thereby.” Held, that this charge was substantially correct, and was justified by, and applicable to, the pleadings and the evidence.
§ 187. Charge of court; erroneous, not cause for reversal when. An erroneous charge will not be cause for a reversal of the judgment, when it is manifest that no injury could have resulted therefrom to the party complaining of it. [W. & W. Con. Rep. § 413; Tex. Land Co. v. Williams, 51 Tex. 51; R. R. Co. v. Dilahunty, 53 Tex. 206.]
§ 188. Carrier; duty of protection to passenger. The duty of protection which the carrier owes to the passenger includes a responsibility for the unlawful acts of fellow passengers, when, by the exercise of the highest degree of care, those acts might have been foreseen and prevented. [Thompson on Carriers, p. 303, § 4; Putnam v. R. R. Co. 55 N. Y. 108; Flint v. Trans. Co. 34 Conn. 554; R. R. Co. v. Pillow, 76 Pa. St. 510; R. R. Co. v. Burke, 53 Miss. 200.]
§ 189. Excessive verdict. In cases where there is no rule of law regulating the assessment of damages, and the amount does not depend upon computation, the judgment of the jury, and not the opinion of the court, is to govern, unless the damages are so excessive as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken views of the merits of the case. Before an appellate court will set aside a verdict upon the ground that it is excessive, it must appear manifest and clear that it is so. [Field on Dam. 684; Clerk v. Udall, 2 Salk. 649; Mason v. Winn, 26 Ga. 250; Buss v. Steamboat, 14 Iowa, 365.]
§ 190. Damages warranted by evidence and law. Plaintiff, Mary Johnson, purchased a first-class ticket to ride *156 on defendant’s road from Bonham to Sherman. Hex" aunt was traveling with her. When they boarded tlie train, plaintiff’s aunt was permitted to go into the ladies’ coach, but the brakeman refused to allow plaintiff to enter said coach, and pushed her against the iron railing on the platform, and hurt her side, and forced her to go into and travel in the smoking car, separate from her aunt, and where no other women were, but where there were intoxicated and boisterous men, one of whom addressed her with improper familiarity. The jury awarded the plaintiff $650 damages. Held, that the verdict was sustained by the evidence, and was warranted by the law of the case.
May 7, 1884.
Affirmed.