GOSHORN, Judge.
Petitioner seeks mandamus to compel the trial court to enter a final judgment so that he may appeal a judgment for costs [1] entered against him after an adverse jury verdict.
A jury verdict is not an appeal-able order. McGrew v. State, 508 So.2d 727 (Fla. 5th DCA 1987). Likewise, a judgment awarding costs after a jury verdict is not an appealable order. First National Bank of Lake City v. Landress, 102 Fla. 840, 136 So. 469 (1931); American Soda Fountain Co. v. Plaza Marina, 102 Fla. 877, 136 So. 469 (1931); Hall v. Patterson, 45 Fla. 353, 33 So. 982 (1903). Costs are only an incident to a right which is adjudicated, and as such, can not be appealed where there is no finality to the judgment. Finality is attained by adjudication.
The writ is issued and the trial judge is directed to enter final judgment, thereby enabling the petitioner to pursue his appeal.
PETITION GRANTED; WRIT ISSUED.
DANIEL, C.J., and COBB, J„ concur.

. The judgment states:
This cause having come to be heard on the Defendant's Motion to Tax Costs, the Court having noted the verdict of the Jury rendered on June 9, 1988, and having reviewed the file, it is
ORDERED AND ADJUDGED that Defendant, GENERAL ACCIDENT INSURANCE COMPANY, shall have and recover from the Plaintiff, TIMOTHY WILLIAM MILLER, taxable costs in the amount of $1,333.15, for which sum let execution issue, together with interest at the rate of twelve percent per annum.