Hall v. Patterson et al.—Syllabus.

CALLIE HALL, PLAINTIFF IN ERROR, VS. S. J. PATTERSON. AND HER HUSBAND N. J. PATTERSON, DEFENDANTS IN ERROR.

| 45 | 353 |
|----|-----|
| 46 | 234 |
| e46 | 236 |
| e46 | 349 |
| 47 | 136 |
| 47 | 162 |

| 45 | 353 |
|----|-----|
| f52 | 252 |

A judgment for costs alone, the merits not being adjudicated, though entered for defendant after the jury have found a verdict in his favor, is not such final judgment as will support a writ of error.

| 45 | 353 |
|----|-----|
| f55 | 341 |

| 45 | 353 |
|----|-----|
| f56 | 498 |
| 56 | 785 |
| f57 | 120 |

This case was decided by Division B.

| 45 | 353 |
|----|-----|
| f58 | 341 |
| f60 | 32 |
| f60 | 79 |

Writ of Error to the Circuit Court for Hamilton County.

The facts of the case are stated in the opinion of the court.

*M. F. Horne,* for Plaintiff in Error.

*Johnson & Johnson,* for Defendants in Error.

COCKRELL, J.

In an action of ejectment, instituted by the plaintiff in error against the defendants in error there was a verdict for the latter. Thereupon the following judgment was entered: "It is ordered and adjudged by the court, that the defendants S. J. Patterson and N. J. Patterson do have and recover of and from the plaintiff, Callie Hall, their costs in this behalf expended taxed by the clerk at seventeen dollars and thirty cents," and a writ of error thereto was sued out from this court.

A question of jurisdiction confronts us *in limine.* In common law actions writs of error lie only from final

S. C. 22

judgments, with but one exception not necessary to be noticed here, and the question recurs is this a final judgment in the meaning of our statute? Are the merits of the controversy finally adjucated, is there in fact any adjucation of the merits?

It is apparent that there is no adjudication that the defendants go hence, nor that the plaintiff take nothing by her plaint, nor equivalent language. It is a judgment for costs only, and costs are a mere incident to a right adjudicated and as such incident can not be said to include the principal to which they might be incident.

While this point was not exactly decided in the case of Sedgwick v. Dawkins, 18 Fla. 335, it was there held that the addition of the words "that the plaintiff take nothing by his declaration in this cause," took that case out of the influence of certain cases cited with apparent approval in that opinion from Texas and Missouri. Among the cases there cited are Higbee v. Bowers, 9 Mo. 354, and Warren v. Shuman, 5 Texas, 441. In the former case the judgment was "that the defendants pay the complainant his cost herein exxpended, and that execution issue therefor;" and in the latter the entry was: "The jury returned the following verdict, to-wit: 'We, the jury, find for the defendant, J. H. Polly, foreman;' whereupon it is ordered, adjudged and decreed by the court that the defendant do recover of the plaintiff and his securities, for the use and benefit of the officers of the court, all the costs in this behalf expended, and that execution issue therefor." In both cases those courts held that such judgments were not final judgments to which a writ of error would lie. The Texas case was an action of ejectment and the judgment followed a verdict for the defendant. The court said: "The judgment does

not show a disposition of the subject-matter of the controversy. It furnishes no evidence of the result of the dispute. There is no sentence pronounced upon the matters contained in the record, for one party or the other. There is a verdict for defendants. Upon this should have been entered a corresponding judgment that the plaintiff take nothing by his suit, or that the title of the defendants to the lands be confirmed, or any equivalent order, which, on the facts as found, would afford the relief appropriate to the law of the case. (1 Bail. 7; Dallam, 373.) There is judgment for costs only. The recovery of costs by a defendant is a legal consequence of a judgment, upon the matters controverted, in his favor. And the judgment for the costs alone is not such final judgment or decree as can be brought up for revision; and the appeal must therefore be dismissed for want of jurisdiction. (9 Mo. R. 354.)"

The authorities are practically unanimous in holding that such a judgment as we have before us will not support a writ of error. The earlier decisions quoted from Texas and Missouri have been reaffirmed in those States, and we may cite in addition Warren v. McKenzie, 23 Ohio St. 626; Reynolds v. City of Tecumseh, 48 Neb. 785, 67 N. W. Rep. 792; Dusing v. Nelson, 7 Colo. 184, 2 Pac. Rep. 922; 1 Freeman on Judgments, p. 19 (4th. ed.); Black on Judgments, Sec. 31.

It follows that the writ of error must be dismissed, and it will be so ordered.