BIRMINGHAM TRUST & SAVINGS COMPANY, *Plaintiff in Error,* v. JACKSON COUNTY MILL COMPANY, *Defendant in Error.*

APPELLATE PRACTICE—THERE MUST BE FINAL JUDGMENT TO SUPPORT WRIT OF ERROR—JUDGMENT MERELY FOR COSTS NOT FINAL JUDGMENT.

A judgment merely for costs alone, though entered for a party after a general verdict in his favor by a jury, is not such a final judgment as is necessary to support a writ of error.

This case was decided by Division A.

Writ of error to the Circuit Court for Jackson county.

The facts of the case are stated in the opinion of the court.

*D. L. McKinnon* for plaintiff in error.

No appearance for defendant in error.

PER CURIAM.—This was an action of assumpsit instituted by plaintiff in error against defendant in error in the Circuit Court of Jackson county. It appears from the record that on June 13th, 1901, a trial was had, and that the jury returned a verdict in favor of defendant. Thereupon the following judgment was entered: "It is, therefore, considered by the court and it is the judgment of the court that the said Jackson County Mill Company, a corporation, do have and recover of and from the said plaintiff Birmingham Trust & Savings Co., corporation, the costs here taxed in the sum of forty and 77-100 dollars, to·be levied of the lands and tenements, goods and chattels of said plaintiff to defendant rendered, and that execution issue therefor." This is the only entry purporting to be a final judgment.

In *Hall v. Patterson,* 45 Fla. 353, 33 South. Rep. 982, and *Haynes v. Bramlett,* 46 Fla. *supra,* 35 South. Rep. 3, it

was held that a judgment for costs alone, though entered for defendant after the jury have found a verdict in his favor, is not such final judgment as will support a writ of error.

The judgment here entered is not, under the authority of said cited cases, such a final judgment as will support the writ of error here taken, and the writ must, therefore, be dismissed, and it is so ordered, at the cost of plaintiff in error.

TAYLOR, C. J., and SHACKLEFORD and HOCKER, JJ., concur.

CARTER, J., concurs in the opinion.

CARTER and MAXWELL, JJ., disqualified.