WILLIAM B. HAYNES, *Plaintiff in Error*, v. T. W. BRAMLETT, *Defendant in Error*.

A judgment for costs alone, though entered for defendant after the jury have found a verdict in his favor, is not such final judgment as will support a writ of error.

This case was decided by Division B.

Writ of error to the Circuit Court for Pasco county.

The facts in the case are stated in the opinion of the court.

*Thos. E. Bugg* for plaintiff in error.

*Hugh C. Macfarlane, Thomas M. Shackleford* and *Jas. F. Glen* for defendant in error.

CARTER, P. J.—This was an action to recover damages for a trespass to real estate instituted by plaintiff in error against defendant in error in the Circuit Court of Pasco county in April, 1899. It appears from the record that on April 13th, 1900, a trial was had, and that the jury rendered a verdict finding the defendant not guilty. Thereupon the following judgment was enterd: "It is, therefore, ordered and adjudged that the defendant T. W. Bramlett do have and recover from the plaintiff W. B. Haynes the sum of forty-one and 71-100 dollars as for the cost of this suit by the said defendant expended." This is the only entry purporting to be a final judgment.

In *Hall v. Patterson,* 45 Fla. 353, 33 South. Rep. 982, it was held that a judgment for costs alone, though entered for defendant after the jury have found a verdict in his favor, is not such final judgment as will support a writ of error.

The judgment here entered is not, under the authority of that case, such a final judgment as will support the writ of error here taken, and the writ must, therefore, be dismissed at the cost of plaintiff in error.