Dexter and Conner v. S. A. L. Ry.—Syllabus.

H. F. DEXTER AND S. B. CONNER, PARTNERS, AS DEXTER & CONNER, PLAINTIFFS IN ERROR, v. SEABOARD AIR LINE RAILWAY, A CORPORATION, DEFENDANT IN ERROR.

1.  A judgment for costs alone, the merits of the cause not being therein adjudicated, though entered for the defendant after the jury have found a verdict in his favor, 's not such a final judgment as will support a writ of error.

2.  A judgment entry that "it is upon consideration ordered, adjudged and decreed that the defendant * * * do have and recover of and from the plaintiffs * * * the sum of nine and 64-100 dollars here taxed by the clerk of this court as its cost in this behalf expended and for which execution may issue" is simply a judgment for costs, and does not dispose of the cause, therefore, it is not a final judgment.

3.  Where no final judgment upon the merits of the cause in an action at law appears in the transcript of the record brought to the Supreme Court on writ of error to such a judgment, the writ of error will be dismissed at the cost of the plaintiff in error.

This case was decided by Division A.

Writ of error to the circuit court for Suwannee county.

The facts in the case are stated in the opinion of the court.

*Hardee & Butler* and *J. F. Harrell,* for Plaintiffs in Error;

*Geo. P. Raney,* for Defendant in Error.

WHITFIELD, J.: The verdict and judgment in this cause are as follows:

"Live Oak, Florida, May 22nd, 1906. We, the jury, find for the defendant, so say we all. A. J. Robertson, Foreman."

"Whereas, On the 22nd day of May, A. D. 1906, during the Spring Term, A. D. 1906, of said court, the jury in the above styled cause, under instructions from the court, rendered a verdict in favor of the defendant, and whereas the judgment upon said verdict was omitted from the minutes of said court, and whereas on the 3rd day of June, A. D. 1906, the judge of said court, in vacation, made an order directing and instructing the clerk of said court to enter up final judgment, *nunc pro tunc*, upon the verdict rendered for the defendant in this cause on the 22nd day of May, A. D. 1906; which said order was filed with the clerk of said court on this the 3rd day of July, A. D. 1906, therefore, it is upon consideration ordered, adjudged and decreed by the court that the defendant, Seaboard Air Line Railway, a corporation, do have and recover of and from the plaintiffs, H. F. Dexter and S. B. Conner, as partners, trading and doing business under the firm name and style of Dexter & Conner, the sum of nine and 64-100 dollars here taxed by the clerk of this court as its cost in this behalf expended, and for which execution may issue. Done and ordered at the clerk's office this 3rd day of July, A. D. 1906, as for the 22nd day of May, A. D. 1906.

J. W. BRYSON, Clerk Circuit Court."

A writ of error was taken to this judgment, and the cause has been submitted as though there were a final judgment to which a writ of error would lie.

A judgment for costs alone, the merits of the cause not being therein adjudicated, though entered for defendant after the jury have found a verdict in his favor, is not such a final judgment as will support a writ of error. Hall v. Patterson, 45 Fla. 353, 33 South. Rep. 982; Haynes v. Bramlett, 46 Fla. 348, 35 South. Rep. 3; Birmingham Trust & Savings Co. v. Jackson County Mill Co., 46 Fla. 236, 35 South. Rep. 877; Cobb v. County of Santa Rosa, 47 Fla. 135, 36 South. Rep. 172; Gray v. Mann, 47 Fla. 162, 37 South. Rep. 161.

The entry here that "it is upon consideration ordered, adjudged and decreed by the court that the defendant. Seaboard Air Line Railway, a corporation, do have and recover of and from the plaintiffs, H. F. Dexter and S. B. Conner, as partners, trading and doing business under the firm name and style of Dexter & Conner, the sum of nine and 64-100 dollars here taxed by the clerk of this court as its cost in his behalf expended, and for which execution may issue," is simply a judgment for costs, and does not dispose of the cause, therefore it is not a final judgment. As the writ of error was taken to a final judgment and no final judgment upon the merits of the cause appears in the transcript, there is no basis for the writ of error and it should be dismissed at the cost of the plaintiffs in error.

Such an order will be entered.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.