R. H. MITCHELL, *Plaintiff in Error*, v. ST. PETERSBURG & GULF RAILWAY COMPANY, A CORPORATION, *Defendant in Error*.

| | |
|---|---|
| 56 | 407 |
| 56 | 785 |
| 56 | 497 |
| 58 | 202 |
| j58 | 341 |

APPELLATE PRACTICE — THERE MUST BE A FINAL JUDGMENT TO. SUPPORT A WRIT OF ERROR.

On the trial of an action for personal injury the verdict was: "We the jury find the defendant not guilty, so say we all." Upon this verdict the following judgment was entered: "Whereupon it is ordered that the defendant be acquitted and that the defendant do have and recover of the plaintiff its costs in this behalf expended to be taxed by the Clerk." *Held,* that this is not such a final judgment as will support a writ of error therefrom to this court. A judgment for costs alone, the merits not being adjudicated, though entered for defendant after the jury have found a verdict in his favor, is not such final judgment as will support a writ of error.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton,* for plaintiff in error;

*J. J. Lunsford,* for defendant in error.

TAYLOR, J.—The plaintiff in error as plaintiff below instituted his action for damages in the Circuit Court for Hillsborough County against the defendant in error as defendant below for personal injuries sustained, as alleged, through the defendant's negligence. The trial resulted in the following verdict: "We, the jury, find the defendant not guilty, so say we all." And upon this verdict the following was entered as the judgment in the cause: "Whereupon it is ordered that the defendant be acquitted and that the defendant do have and recover of the plaintiff its costs in this behalf expended to be taxed by the clerk." For review of the trial thus resulting the plaintiff below brings the case here by writ of error.

It is settled here as elsewhere that a judgment for costs alone, the merits not being adjudicated, though entered for defendant after the jury have found a verdict in his favor, is not such final judgment as will support a writ of error. Hall v. Patterson, 45 Fla. 353, 33 South. Rep. 982, and cases therein cited.

We think the attempted judgment entered in this case falls within the principle above announced. It is true that it contains the words "it is ordered that the defend-

ant be acquitted," but there is no adjudication therein as to the plaintiff or his complaint except that he is adjudged to pay the costs. There is no adjudication that the plaintiff shall take nothing by his plaint, or that the defendant shall go hence without day. The word "acquitted" is more properly applicable to criminal trials and has no proper application to a civil suit. There being no express adjudication here of the plaintiff's claim it would become very questionable but that the plaintiff under such a judgment might not file an amended declaration alleging a new element of negligence on the defendant's part as having caused the injury, and do so successfully free from the claim of *res adjudicata*. Our conclusion being that the judgment brought here in the record is not such a final judgment as will support a writ of error it follows that the writ of error herein must be and is hereby dismissed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.