WILLIAM M. DALLAM AND WILLIAM M. DALLAM AS
    TRUSTEE, *Appellants*, v. MARY A. P. SANCHEZ,
    MERCEDES SANCHEZ, EUGENE M. SANCHEZ, AND A.
    MABEL SANCHEZ, *Appellees.*

1. Sections 1939 to 1946 inclusive of the General Statutes of 1906, formerly sections 1490 to 1497 of the Revised Statutes of 1892, regulate partition proceedings in this state. As is provided by section 1941 of the General Statutes, a bill in chancery for partition "may be filed by any one or more of several joint tenants, tenants in common or coparceners, against their co-tenants, co-parceners or others interested in the lands to be divided," thereby authorizing the partition of lands only among those who have title thereto.

2. A suit for partition cannot be resorted to as a substitute for the action of ejectment, nor used for the sole purpose of testing a legal title, a partition suit not being the proper proceeding in which to settle a disputed title, but, whenever the case is properly one of partition, the *bona fide* object of which is the partition of land between the common owners thereof, some of whom are complainants and the others are defendants, and some of the parties to the suit are in possession, then all controversies as to the legal title and right of possession may and should be settled by the court, as authorized by the statute.

3. A power of attorney given to an agent to sell and convey lands is revoked by the principal's death, and a deed made by the agent thereafter, whether with knowledge or notice of such principal's death or not, is void.

4. An order, following the verdict in an action of ejectment in favor of the defendant, in the words, "whereupon it is ordered, considered and adjudged that judgment be entered up for the defendant, M. J. S., and that the defendant do have and recover her costs, amounting to $ ," is not a final judgment, but, at best, must be held to be merely an order for such judgment.

5. Section 1966 of the General Statutes of 1906, provides that the party plaintiff may bring his action of ejectment against either a party in possession of the land *"or the one claiming adversely."*

Dallam *et al.* v. Sanchez *et al.*—Syllabus.

6. The second paragraph of section 1968 of the General Statutes of 1906 provides that the plea of "not guilty in an action of ejectment shall put in issue the title of the lands in controversy and shall be held to admit the possession of the defendant, or in case of an adverse claimant, the adverse claim of the defendant, but, as our action of ejectment is purely statutory, neither the statutory declaration nor the plea of not guilty could be held to be admissions of the nature, character, extent or duration of the defendant's possession. At best, the plea of not guilty could only be held to admit the possession of the defendant at the time of the institution of the action.

7. Under the provisions of rule 18, Supreme Court Rules, adopted March 2, 1905 (page 11 of such Rules prefixed to 51 Fla., 37 South. Rep. VIII) no objection will be allowed to be taken in the appellate court to the admissibility of any evidence, oral or documentary, found in the record in a chancery cause, unless the record affirmatively shows that the objection thereto was presented to the chancellor, and expressly ruled upon by him in the court below, at or before the final hearing of the cause. Every matter purporting to be evidence, found copied by the clerk into the record in such cause, will be presumed to have been used in evidence in the court below, unless the record affirmatively shows the contrary.

8. The adverse possession of land under color of title necessary to confer title, under section 1721 of the General Statutes of 1906, must be actual, continuous, and adverse to the legal title for the full statutory period of seven years, and such possession must be established by clear and positive proof.

9. In a suit for partition of lands, where the title of the complainants thereto is denied by the answer, and the evidence fails to establish their title and their right to a partition thereof, it becomes unnecessary to consider any of the other questions presented, since a decree rendered therein in favor of complainants must be reversed for such failure of title.

This case was decided by the court En Banc..

Appeal from the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*Cockrell & Cockrell* and *A. H. King,* for appellants;

*E. C. F. Sanchez, D. L. Gaulden, Saml. T. Shaylor* and *Geo. U. Walker & Son,* for appellees.

SHACKLEFORD, C. J.—The original bill in this suit was filed by the appellees as complainants against the appellants and other parties as defendants, in the Circuit Court for Brevard County, on the 25th day of November, 1901. The bill was amended several times in important particulars by leave of the court, additional parties were made defendants, various and sundry proceedings were had and different interlocutory orders were made during this protracted litigation. The transcript of the record covers over three hundred typewritten pages. However, in view of the conclusion which we have reached, we deem it unnecessary to set forth the numerous pleadings, proceedings and orders in detail or to make any extended statement of the acts. Stated in a very condensed way, the bill sought partition of a large tract of land situated in the counties of Volusia and Brevard between the appellees and the appellants, the appellees alleging therein that they were seized and possessed of and entitled to an undivided one-half interest therein and that the appellants were entitled to the other undivided one-half interest. The other defendants were made parties by reason of their being lessees or tenants of the appellants, but, as they have not joined in the appeal, it is unnecessary for us to consider the decree appealed from in so far as it affects them or

their interests. In fact, it woud be improper to do so, since such parties are not before us. The appellees based their title to such lands upon a conveyance of the entire tract to their ancestor, Margaret J. Sanchez, by a deed bearing date the 24th day of November, 1859, executed by Bernardo Segui, by Venancio Sanchez, his attorney in fact. Complainants further base their title and right to partition upon an alleged judgment entered in favor of their ancestor in an action of ejectment instituted against Margaret J. Sanchez by the heirs of Bernardo Segui, deceased, in the circuit court for Volusia county, whereby a recovery of the entire tract of land was sought, such alleged judgment being in favor of the defendant and bearing date the 16th day of November, 1883. Complainants further base their right and claim to a partition of the lands upon the fact that their ancestor was in possession thereof under the deed so executed to her from the date of such deed, the 24th day of November, 1859, up to the year 1883, when she conveyed an undivided one-half interest therein to the heirs of Bernardo Segui and that since the date of such conveyance complainants have been in actual possession of an undivided one-half interest therein as tenants in common with such heirs. The bill further alleged that such heirs of Bernardo Segui were the grantors of the appellant, William M. Dallam, and also alleged that the lands in question were "wild and uncultivated, low, swampy pine lands, interspersed with cypress ponds, savannahs, saw-grass and swamp, and the chief and only value consists in the pine timber growing thereon." The answer filed to the bill by such appellant denied all the equities asserted by the complainants, such denial being set forth in detail. A replication was filed thereto and voluminous testimony taken before an examiner appointed by the

court for that purpose. A final decree was rendered, in which a partition of such lands was decreed in accordance with the prayer of the bill. From this decree appellants have entered their appeal, assigning seven errors, which, however, we shall not treat in detail.

Sections 1939 to 1946 inclusive of the General Statutes of 1906, formerly Sections 1490 to 1497 of the Revised Statutes of 1892, regulate partition proceedings in this state. They have been construed several times by this court. See Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722, S. C. 111 Amer. St. Rep. 77, and authorities there cited; Girtman v. Starbuck, 48 Fla. 265, 37 South. Rep. 731, S. C. 5 Amer. & Eng. Ann. Cas. 833; Williams v. Clyatt, 53 Fla. 987, 43 South. Rep. 441; Koon v. Koon, 55 Fla. 834, 46 South. Rep 633. As was held therein, a partition suit is not the proper proceeding in which to settle a disputed title, though, whenever the case is properly one of partition, one whose bona fide object is the partition of lands between common owners thereof, one or more of whom are complainants and the others are defendants, and they or some of them are in possession, then all controversies between them as to the legal title and right of possession may and should be settled by the Chancellor, as authorized by the statute. However, as is also held therein, a suit for partition cannot be resorted to as a substitute for the action of ejectment, nor used for the sole purpose of testing a legal title. As is provided by section 1941 of the General Statutes of 1906, a bill in chancery for partition "may be filed by any one or more of several joint tenants, tenants in common or coparceners, against their cotenants, coparceners or others interested in the lands to be divided." This statute is in line with the general statutory provisions prevailing in other jurisdictions. See 21

Amer. & Eng. Ency. of Law (2nd ed.) 1146. In other words, this section of the statute authorizes the partition of lands only among those who have title thereto, and the succeeding section 1942 prescribes the form and contents of the bill.

We find that the paper title of the complainants, which is based upon a deed executed to their ancestor, Margaret J. Sanchez, under whom they claim, bearing date the 24th day of November, 1859, by Bernardo Segui, by Venancio Sanchez, his attorney in fact, must fail for the reason that at the date of the execution thereof Bernardo Segui was dead. The testimony clearly establishes that Bernardo Segui died on the 15th day of November, 1859, nine days before the execution of such deed. As was held in Harper v. Little, 2 Greenleaf (Me.) 14, S. C. 11 Amer. Dec. 25, "a power of attorney given to an agent to sell and convey lands is revoked by the principal's death and a deed made by the agent thereafter, but before receiving information of the death, is void." Also see 1 Amer. & Eng. Ency. of Law (2nd ed.) 1223 and authorities cited in note 1. As was said in McGriff v. Porter, 5 Fla. 373, text 380: "That a mere naked power, whether founded upon a valuable consideration or not, is revoked by the death of the party creating it, is not only well settled upon authority, but it results as a necessary consequence from the nature and character of such power. * * * If the power is executed by the donee or grantee thereof, it must necessarily be executed in the name of the donor or grantor, who alone possesses the title and estate in the property, he not having parted with it by any transfer or conveyance thereof, and he being dead it would be simply an absurdity to execute a sale and conveyance in the name, and as the act of a dead man. The death of the party, therefore, in such case, operates as a

revocation, because, by the happening of this event, the power has become impossible to be executed."

We take up next for consideration the claim of the complainants based upon the alleged judgment rendered in favor of their ancestor in an action of ejectment instituted by Bernardo Segui's heirs against her. We find that such judgment, after reciting the verdict of the jury in favor of the defendant, is as follows: "Enterprise, Fla., Nov. 16, 1883. Whereupon it is ordered, considered and adjudged that judgment be entered up for the defendant, Margaret J. Sanchez, and that the defendant do have and recover her costs amounting to      $ Wm. Archer Cocke, Judge." We are of the opinion that this cannot be considered a final judgment, but, at best, must be held simply to be an order for such judgment, which, so far as is disclosed, has never been entered. See Starke v. Billings, 15 Fla. 318; Hall v. Patterson, 45 Fla. 353, 33 South. Rep. 982; Dexter and Connor v. Seaboard Air Line R. Co., 52 Fla. 250, 42 South. Rep. 695; McGeachy v. Bush, 55 Fla. 340, 45 South. Rep. 848 and authorities there cited; Mitchell v. St. Petersburg & Gulf Ry. Co., 56 Fla. 497, 47 South. Rep. 794, for a discussion as to the essentials of a final judgment. Lincoln v. Cross, 11 Wis. 91, and McTavish v. Great Northern Ry. Co., 8 N. Dak. 333, 79 N. W. Rep. 443, will also be found to bear upon the point.

Various and sundry objections were made against the admission of the certified transcript of the proceedings in the ejectment action in evidence, and argument is made here as to its effect and conclusiveness. We deem it unnecessary to discuss these points in detail. Section 1966 of the General Statutes of 1906, which was originally enacted in 1859, expressly provides that "the party plaintiff may bring his suit against the party in possession

or the one claiming adversely," thereby giving the plaintiff the right to bring his action of ejectment against either a party in possession *or the one claiming adversely.* This being true, the institution of such action of ejectment by the heirs of Bernardo Segui, deceased, against the ancestor of complainants, under such statute, could not be construed as an admission by such heirs that the defendant in such action was in *possession* of the lands in question. The second paragraph of Section 1968 of the General Statutes of 1906, is as follows:

"2. Plea.—The plea of 'not guilty' shall put in issue the title of said lands in controversy. Such plea shall be held to admit the possession of the defendant, or in case of an adverse claimant, the adverse claim of the defendant. Should the defendant wish to deny possession, it shall be done by special plea."

As our action of ejectment is purely statutory, neither the statutory declaration nor the plea of not guilty could be held to be admissions of the nature, character, extent or duration of the defendant's possession. At best, the plea of not guilty could only be held to admit the possession of the defendant at the time of the institution of the action.

One other matter it may be well to notice. In his answer the appellant, Dallam, denies that Margaret · J. Sanchez ever at any time conveyed an undivided one-half interest or any other interest in such lands to the heirs of Bernardo Segui. The complainants offered in evidence a certified copy of a deed bearing date the 17th day of November, 1883, from Margaret J. Sanchez to Agatha O'Brien as trustee for herself and the other heirs at law of Bernardo Segui, deceased, to an undivided one-half interest in the lands in question. The defendants objected to the same on various grounds, which, however,

we deem it unnecessary to set forth. We find that the objections to this deed, as well as other objections interposed by the defendants before the examiner to offered evidence on the part of complainants, were filed before the Circuit Judge at chambers on the 5th day of January, 1905, which was prior to the making of the final decree, but does not appear that any ruling was ever made by him thereon. Under the provisions of rule 18 of this court, adopted March 2, 1905, and found on page 11 of the Rules of the Supreme Court prefixed to 51 Fla. (37 South. Rep. VIII) which was a modification of a rule already existing upon the subject, we cannot consider any of such objections. See Skinner v. Campbell, 44 Fla. 723, 33 South. Rep. 526; Stockton v. National Bank of Jacksonville, 45 Fla. 590, 34 South. Rep. 897; Ocala F. & M. Works v. Lester, 49 Fla. 347, 38 South. Rep. 56; Patrick v. Kirkland, 53 Fla. 768, 43 South. Rep. 969; West Coast Lumber Co. v. Griffin, 54 Fla. 621, 45 South. Rep. 514. Even so, however, assuming that the deed in question was executed and delivered by Margaret J. Sanchez to the grantee named therein, if such grantor had no title to convey nothing passed by such conveyance. It certainly could not be held to prove or establish the title of the complainants to the undivided one-half interest not embraced or conveyed therein and thereby.

We now take up the claim of title and right to partition based upon possession of such lands under color of title for the requisite statutory period of seven years. Conceding that the deed from Bernardo Segui, by his attorney in fact, to the ancestor of complainants, even though void for the reasons we have stated, would be sufficient to form color of title, does the evidence show that the requirements of Section 1721 of the General Statutes of 1906 as to occupation and possession were

sufficiently complied with to give complainants title by adverse possession? We have given the voluminous evidence our most careful examination and after so doing are compelled to answer this question in the negative. It would be profitless to give even a condensed statement of the testimony. Suffice it to say that it is clearly shown that such lands are wild and uncultivated, which is one of the allegations in the bill of complaint, and it is not made to appear that complainants or their ancestor were ever in actual occupation of any portion thereof or complied with any of the requirements of the cited statute. See Hyer v. Griffin, 55 Fla. 560, 46 South. Rep. 635, and authorities there cited. The complainants having failed to establish their title to the lands and right to a partition thereof, it becomes unnecessary to consider the other questions which have been presented and argued. It follows that the decree must be reversed, and it is so ordered.

All concur, except TAYLOR and COCKRELL, JJ., disqualified.