# Himes Supply Co. *v.* Parker.

### *Assumpsit.*

(Decided Nov. 25, 1908.　47 South. 794.)

1. *Bills and Notes; Execution; Burden of Proof.*—The burden is on plaintiff to show that the note sued on was executed by the defendant, where the plea of non est factum is interposed.

2. *Abatement and Revival; Other Actions Pending; Plea.*—Where there is no plea of another action pending, or of former judgment rendered, and no evidence thereof in the record, it is error to dismiss an action on the note on motion having for grounds that there was another judgment pending for the same cause or debt in another court.

APPEAL from Bessemer City Court...

Heard before Hon. WILLIAM JACKSON.

Action by the Himes Supply Company against Henry Parker. Judgment for defendant, and plaintiff appeal. Reversed and rendered.

[Himes Supply Co. v. Parker.]

PINKNEY SCOTT, for appellant.   The judgment was valid legal consideration for the note, and entitled the plaintiff to the affirmative charge as against the plea of want of consideration.—*McLane v. Miller,* 10 Ala. 856; *Brewer v. Branch Bank,* 24 Ala. 439.   Counsel discusses other assignments of error but without citation of authority.

V. J. NESBITT and G. F. GOODWYN, for appellee.   No brief came to the Reporter.

DENSON, J.—This action is founded upon a promissory note executed by the defendant to the plaintiff. It was commenced before a justice of the peace, from a judgment by default rendered by the justice the defendant carried the cause by certiorari to the city court of Bessemer.   In the city court three defenses were interposed by as many separate pleas.   The first of the pleas was non est factum, which placed the burden of proof upon the plaintiff to show that the note was executed by the defendant.   That burden was fully met by the proof; there being no conflict in the evidence upon the question.   The burden of proof, in respect to the defenses set up in the other pleas, was upon the defendant, and there is not contained in the record a particle of evidence to support either of them.   So that in respect to the defenses set up by the pleas the plaintiff was enti· tled to have judgment rendered in its favor for the amount due upon the note.

The bill of exceptions shows that the plaintiff introduced the only evidence in the case, and recites that the bill contains all the evidence that was introduced. After the foregoing recital, it is shown that the court on motion made by the defendant dismissed the suit. No motion is set out in the record, nor does the bill of exceptions show any ground for the motion.   However,

33 R

the judgment entry recites, "Defendant in open court moves that this suit be dismissed on the ground that there is a judgment pending for the same cause of action or debt in the justice court of S. J. Tillman," and shows that the motion was sustained, and that judgment was rendered in favor of the defendant against the plaintiff for the costs of the suit. There is not only no plea presenting the question raised by the motion, but no evidence in the record upon which such a motion could possibly be rested. It follows that the court erred in rendering judgment dismissing the suit, and that it should have rendered judgment for the plaintiff for the amount due upon the note set out in the complaint.

The cause must be reversed, and a judgment will be here rendered for the principal and interest which may be due on said note, together with $5 attorney's fee. The clerk will make the calculation, and enter a judgment in accordance with the foregoing.

Reversed and rendered.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.