Williams *et al.* v. City of St. Petersburg *et al.*—Syllabus.

---

J. MOTT WILLIAMS, EMILY E. C. ROWLAND, MARY S. FISHER, WILLIAM D. BAIN, BESSIE T. BAIN, BY HER NEXT FRIEND, F. M. SIMONTON, *Appellants,* v. THE CITY OF ST. PETERSBURG, BARNABUS C. WILLIAMS, CORNELIA MOTT MORSE, E. B. ROWLAND, AS TRUSTEE FOR NELLIE WILLIAMS DINSAY AND J. R. WILLIAMS, *Appellees.*

1. In order to maintain a bill for partition, the complainants must show title or a right to partition.

2. Where in a partition proceeding it appears that the complainants have no title to the lands sought to be partitioned, the bill should be dismissed even though the complainants may have an equitable interest in the lands which may be enforced in proper proceedings.

This case was decided by Division A.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*F. M. Simonton,* for Appellants;

*H. S. Hampton* and *Sparkman & Carter,* for Appellees.

WHITFIELD, C. J.—On July 8th, 1904, J. Mott Williams, Emily E. C. Rowland, Mary S. Fisher and Josephine W. Downey, filed a bill of complaint in the Circuit Court for Hillsborough County against the appellees for the partition of lands. The bill of complaint was amended with reference to requiring the City of St. Petersburg and B. C. Willliams to specifically perform an agreement mentioned in the bill of complaint. William D. Bain and Bessie T. Bain, by F. M. Simonton, her next friend, were substituted as complainants in lieu of Josephine W. Downey, deceased. The Judge of the Sixth Circuit being disqualified the proceedings were had before the Judge of the Fourth Circuit. A motion to strike the amended bill was denied. A demurrer to the bill of complaint was overruled. Upon answer, replication and testimony the equities were found to be with the defendants

and the bill was dismissed July 22nd, 1908. The complainants appealed and assign as error the decree dismissing the bill of complaint.

The decree was affirmed at the last term, but a rehearing was granted so that the facts of the case may be more clearly stated.

It appears from the transcript that John C. Williams died in 1893 or 1894, leaving a large estate all of which by will he gave to his wife after the satisfaction of several specific legacies and provisions, the children of the testator being expressly excluded from benefit in the estate. The wife, Sarah Williams was designated sole executrix of the will.

An agreement was entered into in 1894 between the widow and the children of the testator, that the will be probated as the last will and testament of the deceased, and that after paying certain claims against the estate, the widow should take one-third of the property, the remainder to be divided among the testator's descendants as agreed. It was also agreed that any property of the estate afterwards discovered should be similarly divided.

After an adjustment under these agreements an unsatisfied judgment indebtedness of the estate appeared, and several parcels of real estate, including that in controversy here, were discovered to have been omitted from the adjustments. Some of this property not including that in controversy here was sold under execution to pay the judgment debt, and was bought in for the widow for an amount much less than the judgment indebtedness. The widow conveyed one-half of the property so bought at the execution sale, to J. C. Williams and B. C. Williams, two of the testator's sons, for one-half of the purchase price and expenses, and received from J. C. and B. C. Williams a mortgage to secure the payment by them of two-thirds of the judgment debt, which amount they

eventually paid, the widow paying the other one-third. The other children of the testator paid no part of the judgment debt.

The interest of the widow in the property in controversy was quit-claimed by her to J. C. Williams and B. C. Williams before the debt of the estate was satisfied, and there is testimony that the consideration was the payment of the judgment debt. Subsequently the property was improved and greatly increased in value. J. C. Williams and B. C. Williams sold for a price exceeding the judgment debt the property conveyed to them; and J. C. Williams sold to the City of St. Petersburg his interest in the property in controversy as to which he and B. C. Williams had received a quit-claim from the widow and sole devisee.

This suit is for a partition among the descendants of the testator of the land quit-claimed by the widow to J. C. and B. C. Williams as stated above.

Even if, under the agreement between the widow and the children of the testator, all the descendants are entitled to or have an equitable interest in the land involved here which was quit-claimed by the widow to two of the testator's sons, such interest has not been established or developed into a title so as to be the subject of partition in this proceeding. In order to maintain a bill for partition, the complainants must show title or a right to partition. See Dallam v. Sanchez, decided at the last term, 56 Fla. 779, 47 South. Rep. 871.

Under the will of John C. Williams, Sr., the legal title to all his property passed to the widow as sole devisee, and under the agreement made by her with the testator's children, she may have been in equity bound to convey a portion of the property to the children as agreed if the property was not rightly used for paying debts, but this proceeding is not properly brought to establish

equitable rights and titles, and seeks in effect only a partition of property, though the amendments to the bill of complaint refer to a specific performance of an agreement. The City of St. Petersburg was not a party to the agreement and all the parties to the agreement are not made parties to this proceeding.

The testimony is voluminous and was passed upon by a careful Circuit Judge, who found for the defendants. A full consideration of the entire record shows nothing to indicate that the finding is not sustained by evidence presented. No clear and sufficient showing is made to warrant the decreeing of a trust relation and specific performance, even if such a decree would be proper in this proceeding and under the allegations of the bill of complaint. No useful purpose would be served by an extended discussion of the facts. There is ample evidence to sustain the decree and no reversible errors appear in the transcript.

The decree is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.