WILLIAM JONES *Plaintiff in Error*, v. J. R. TYLER, *Defendant in Error*.

1. Under the statutes of this State a writ of error lies only to a "final judgment" in an action at law or to "an order granting a new trial at law."

2. Where no final judgment upon the merits of the cause in an action at law appears in the transcript of the record brought to the Supreme Court on a writ of error to such a judgment, the writ of error will be dismissed at the cost of the plaintiff in error.

3. In an action of ejectment tried before a referee, where the only entry in the record in the nature of a judgment is a finding by such referee in favor of the plaintiff it is not a final judgment, though such finding may form a sufficient predicate for the rendering and entry of a final judgment.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Dickinson & Dickinson* and *Frazier & Mabry,* for Plaintiff in Error;

*F. M. Simonton* and *E. B. Drumright,* for Defendant in Error.

SHACKLEFORD, J.—This is an action of ejectment instituted by the defendant in error against the plaintiff in error. Under an agreement made by the respective counsel for the parties, the cause was referred for trial to Hilton S. Hampton, a practicing attorney, who made and reported the following finding:

"The foregoing cause having been submitted to me as Referee and having heard the testimony and argument of respective counsel, I find that the plaintiff J. R. Tyler is the owner of the fee simple title and is entitled to the possession of the following described land lying in Hillsborough county, Florida, to-wit: Lot three (3) of block two (2) of Finley & Stilling's Subdivision according to map recorded in Plat Book No. 1, page 88, Tampa, Fla., May 18, 1909.

Hilton S. Hampton,<br>Referee."

No final judgment appears in the transcript and for that reason we must enter an order of dismissal. Such a paper as we have copied above cannot be considered a final judgment, though it may form a sufficient predicate

for the rendering and entry of a judgment. See Demens v. Poyutz, 25 Fla. 654, 6 South. Rep. 261; Dallam v. Sanchez, 56 Fla. 779, 47 South. Rep. 871; Dexter & Conner v. Seaboard Air Line Ry., 52 Fla. 250, 42 South. Rep. 695, and authorities there cited; Mizell Live Stock Co. v. J. J. McCaskill Co., 57 Fla. 118, 49 South. Rep. 501; Mitchell v. St. Petersburg & Gulf Ry. Co., 56 Fla. 497, 47 South. Rep. 794; Pensacola Bank & Trust Co. v. National Bank of St. Petersburg, 58 Fla. 340, 50 South. Rep. 414; Blanton v. West Coast Ry. Co., decided here at the present term.

Writ of error dismissed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.