PENSACOLA BANK & TRUST COMPANY, A CORPORATION, *Plaintiff in Error*, v. THE NATIONAL BANK OF ST. PE- TERSBURG, A CORPORATION, *Defendant in Error*.

APPELLATE PRACTICE—FINAL JUDGMENT NECESSARY TO SUPPORT WRIT OF ERROR.

Under the provisions of section 1691 General Statutes of 1906 writs of error lie only from final judgments, and where there is no final judgment in a cause brought to the appellate court for review by writ of error, such cause will be dismissed by the court *ex proprio motu*.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter*, for Plaintiff in Error;

*P. O. Knight* and *C. C. Whitaker*, for Defendant in Error.

PER CURIAM.—This cause being taken up in its regular order for final disposition the court finds in the record the following entry for a judgment in the cause imme- diately following the verdict of the jury finding for the defendant:

"Whereupon it is ordered that judgment is rendered for the defendant and that the defendant do have and recover of and from the plaintiff its costs in this behalf expended, to be taxed by the clerk, now assessed at one hundred and sixty-four 39--100 Dollars."

Section 1691 General Statutes of 1906 provides that writs of error shall lie only from final judgments.

The quoted entry in this cause is not such a final judgment as will support a writ of error. No issue between the parties in the cause is adjudicated or finally disposed of thereby. It does not adjudge that the plaintiff take nothing by his plaint, nor does it adjudge that the defendant be discharged or go hence without day. At best it is an order for the entry of a judgment in favor of the defendant and an adjudication in his favor for costs. Hall v. Patterson, 45 Fla. 353, 33 South. Rep. 982; Mitchell v. St. Petersburg & G. Ry. Co., 56 Fla. 497, 47 South. Rep. 794; Dallam v. Sanchez, 56 Fla. 779, 47 South. Rep. 871, and cases cited.

There being no final judgment in the cause the writ of error must be, and is hereby, dismissed, at the cost of the plaintiff in error.

All concur.