PALM BEACH TIRE CO., INC., v. SUN OIL CO.
155 So. 754.
Opinion Filed June 25, 1934.

*M. D. Carmichael,* for Plaintiff in Error;

*Evans, Mershon & Sawyer, Thos. McE. Johnston, O. B. Simmons* and *Atwood Dunwoody,* for Defendant in Error.

PER CURIAM. — In this case the Court is advised by attorneys of record that the entire controversy between the

parties has been settled. Therefore, the questions involved have become moot.

Counsel for defendant in error asks that the Court render a written opinion enunciating the law on the questions presented by the cross writ of error. Before those questions could become material the Court should first determine that the main judgment should be affirmed. If the entire controversy has been settled between the parties there is nothing for this Court to determine.

As there is writ of error and cross writ of error both will be dismissed and the costs taxed equally against the parties without prejudice as to the enforcement of any agreement which may have been entered into between the parties. It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J. (concurring).—I do not think a cross writ of error to the principal judgment a proper method to review the refusal of the trial judge to allow certain items claimed as costs to be included in the principal judgment in a cost at law.

Costs are collateral to the judgment itself. It is the plain mandatory duty of the Clerk or Judge to tax and allow all legally reasonable costs. If this duty is not performed, a writ of mandamus is the remedy for compelling the inclusion in the judgment of the proper amount of recoverable costs. But a writ of error to a judgment for costs alone does not lie, either as a direct writ of error or as a cross writ of error. Haynes v. Bramlett, 46 Fla. 348, 35 So. 3; Blanton v. West Coast R. Co., 58 Fla. 169, 50 Sou. Rep. 945. Under Section 4673, C. G. L., 2949, R. G. S., taxation of costs may be done by the Clerk. The legality of the Clerk's action in taxing too much, or illegal

items, can be tested by motion to stay or quash execution as to the illegal items. Sections 4675, C. G. L., 2951, R. G. S.; 4515-4516, C. G. L., 2828-2829, R. G. S. Failure or refusal to tax recoverable items may be redeemed by mandamus to coerce taxing of proper items, either by ancillary mandamus in lower court or original in this Court.