AIDA WILLIAMS, by Her Next Friend, CARRIE SUMMERLIN, v. E. L. RICOU, as Administrator of the Estate of R. R. Ricou, Deceased; E. L. RICOU, as Heir of R. R. Ricou, Deceased; W. B. TILTON, as Administrator of the Estate of R. R. Ricou, Deceased; R. B. TILTON, as Husband of Anita Tilton, an Heir of R. R. Ricou, Deceased; W. B. TILTON, as Trustee for Neta, Inc., a Dissolved Florida Corporation; D. L. RICOU, as Administrator of the Estate of R. R. Ricou, Deceased; D. L. Ricou, as an individual; ANITA R. TILTON, as Heir of R. R. Ricou, Deceased; ANITA R. TILTON, as Trustee for Neta, Inc., A Dissolved Florida Corporation; INEZ BROWNING, as Heir of R. R. Ricou, Deceased; CLEM BROWNING, as Husband of Inez Browning; TAYLOR, INC., a Florida Corporation; A. T. HOGRATH, as Administrator of the Estate of G. L. RICOU, Deceased; M. A. SMITH, as Liquidator of Seminole Bank, a Defunct Banking Corporation; and NATIONAL SURETY CORPORATION, a Corporation Authorized To Become a Surety for Others.

196 So. 667
En Banc
Opinion Filed June 14, 1940
Rehearing Denied June 28, 1940

362

*Carroll Dunscombe,* for Appellant;

*A. O. Kanner,* for Appellees.

BROWN, J.—This appeal comes here from the Circuit Court for Martin County, Florida. The original bill of complaint was filed January 27, 1927. After several subsequent amended bills were filed the court entered a final decree dismissing the bill on August 26, 1938. The property in dispute is a one-fifth interest in the estate of R. R. Ricou, who died January 1, 1925, which was inherited by his son, D. L. Ricou. On September 10, 1928, D. L. Ricou and Aida Rico, his wife, now Aida Williams, appellant, conveyed all the interest in fee simple of D. L. Ricou and wife in the real estate of the estate of R. R. Ricou to Seminole Bank, a corporation, which deed was recorded on September 12, 1928, in the office of the clerk of the circuit court, Martin County, Florida. On September 13, 1928, the said Seminole Bank conveyed the same property and all of it to Taylor Corporation and Neta, Inc., which deed was recorded on February 27, 1929, in the office of the clerk of the circuit court, Martin County, Florida. On January 12,

1931, D. L. Ricou and Aida Ricou, his wife (now Aida Williams, appellant), conveyed to one Belle Whiddon what purports to be the interest of the said D. L. Ricou in the property of the estate of the said R. R. Ricou, deceased. And on the same day the said Belle Whiddon conveyed said property to the said Aida Ricou. This last conveyance from D. L. Ricou and wife through said Belle Whiddon to appellant is alleged to have been a settlement between D. L. Ricou and wife in the suit in which a divorce from marriage bonds between said parties was decreed and for the support of the two minor children of D. L. Ricou. These last conveyances are the basis for the claim of title by appellant and her claim for partition. After the divorce Aida Ricou became the wife of one Wallace Williams.

We feel that no useful purpose would be subserved in setting out in this opinion the various details of involved facts and conclusions not adequately supported by the facts which appear in the bill and amended bills of complaint. Suffice it to say that the relief prayed for in the original bill of complaint and the several amended bills of complaint briefly stated are (a) partition of the real estate of the R. R. Ricou (who died January 1, 1925) estate; (b) complete accounting of the real and personal estate of the administrators of the R. R. Ricou estate; (c) that the assets of National Surety Company, surety on administrators' bonds, in the hands of its successor after liquidation, the National Surety Corporation, be impressed for any liability on such bonds; (d) that the court set aside as void the conveyance in 1928 by D. L. Ricou and the appellant, his then wife, to the Seminole Bank and from the bank to Neta, Inc., and Taylor Corporation, or the court finding these conveyances valid it then adjudicate and set aside the right and dower of the appellant in her divorced husband's

interest in the lands of the R. R. Ricou estate, and that in such case the one-fifth part of the defendant, D. L. Ricou, in the estate of Gertrude L. Ricou (who has died since the death of R. R. Ricou), be "surcharged," etc.; (e) that if it appears that the debts of the R. R. Ricou estate have not been paid, the court order sufficient real estate belonging to said estate sold to pay such debts; (f) that if it appears that the administrators have failed to account for any proceeds due said estate, that such sums as may be due plaintiff be surcharged against any sums that may be due the administrators for their respective shares of said estate; (g) that if it appears that the conveyance from Seminole Bank to Neta, Inc., and Taylor Corporation was fraudulent, the court adjudicate the liability of said corporations for such part of the costs of this action because of said defendants refusal to reconvey; (h) that if it appears that Seminole Bank has no claim to said property, then this Court authorize the liquidator of said bank to execute a release of said lands, or order said conveyance stricken from the public records. (The record shows that Seminole Bank after receiving the deed from D. L. Ricou and wife [the appellant] conveyed all such lands to Neta, Inc., and Taylor Corporation.)

The appellees, defendants in the court below, filed a motion to dismiss the bill and its various amendments on the ground that the plaintiff failed to amend within the time allowed by the court in the order dismissing the previous bill. In the final decree of dismissal the court stated that it had considered the amendment which the plaintiffs had filed after the time allowed for amendment had expired by previous order of dismissal and was of the opinion that the amendment contained the same defects as the previous amended bills.

The motions to dismiss the bill were in substance on the following grounds: (a) No equity; (b) no facts alleged to show that the plaintiff is entitled to the relief prayed for; (c) for aught that appears the matters complained of arose prior to the time that plaintiff acquired any alleged interest in the property involved; (d) the bill is multifarious; (e) it appears that the plaintiff is guilty of laches.

The various decrees of the chancellor for the dismissal of the original bill and the amended bills do not state the grounds upon which the motions to dismiss were granted, but if any of the grounds of the motions to dismiss were well founded and fatal to the relief prayed this would be sufficient to support a decree dismissing the bill.

Equity can in a proper case in one suit decree partition of undivided estates, take an accounting, cancel fraudulent conveyances and determine antagonistic claims to the subject matter. Such a proper case is one in which all of these forms of relief are a necessary part to the granting of complete relief in the partition suit. They are all closely related, a part of the same subject matter. However, one cannot join together unrelated causes of action which are separate and distinct in themselves.

Here the appellant is asking for all the forms of relief listed previously from (a) to (h). She has a variety of subjects of litigation involved which are disconnected, and in which the parties have no common interest or connection with each other. To illustrate: The primary purpose of the suit appears to be to partition the real property of the estate of R. R. Ricou, deceased. Among those having interests therein appellant names as defendants the heirs at law of R. R. Ricou, deceased, the administrators of his estate and the administrator of a deceased heir, all of whom have a common interest or connection with each other. In

addition thereto appellant names National Surety Corporation, which corporation is alleged to have purchased the assets of the National Surety Company, a corporation, surety on the bond of the administrators of the estate of R. R. Ricou. Also there is named as a defendant M. A. Smith, as liquidator of Seminole Bank, by reason of the allegation in the bill that in 1928 D. L. Ricou and his then wife, the appellant, conveyed to the Bank all the interest of D. L. Ricou and appellant in the estate of R. R. Ricou. Further the appellant named Neta, Inc., a dissolved Florida Corporation, and the trustees of said corporation, and Taylor Corporation, a Florida corporation, because as alleged in the bill, Seminole Bank upon receiving the deed aforesaid conveyed all the property vested in it thereby to Neta, Inc., and Taylor Corporation. There can be no common interest between the other heirs than appellant and her former husband in the dispute as to title or the interest of D. L. Ricou in the estate of R. R. Ricou, and these other heirs are in no way connected or concerned therewith.

The appellant claims an interest in the property of the estate of R. R. Ricou by reason of a deed of conveyance dated January 12, 1931, from D. L. Ricou and appellant, his then wife, to one Belle Whiddon and another deed of conveyance of same date from said grantee to appellant, which raises the direct issue as to whether the interest of D. L. Ricou in the estate of R. R. Ricou is now vested in the two last-named corporations or in the appellant. On this issue the outcome of the whole case of the appellant depends, and with this issue none of the other appellees are in the least concerned. We think this renders this bill clearly multifarious.

. The following quotation from the case of Franklin Life Ins. Co. v. Tharpe, *et al.*, 118 Fla. 832, 160 So. 199, is a very clear definition of multifariousness:

"We are cognizant of the rule that multifariousness may generally be considered to be a matter of convenience and that there is no positive inflexible rule as to what in the sense of a court of equity may constitute multifariousness which is fatal to a suit on motion to dismiss a bill of complaint under the 1921 Chancery Practice Act, but broadly speaking, multifariousness in a bill may be said to be the improperly joining in one bill of complaint separate, distinct and independent matters and thereby confounding and confusing them and the issues to be presented. There exists, certainly, two general and distinct forms of multifariousness. One occurs when distinct and disconnected subjects, matters or causes are united in the same bill of complaint. The other occurs in joining in the same suit, either as defendants or as complainants, parties who have not a common interest in the subject of litigation and have no connection with each other insofar as the issues in litigation are concerned. It has been repeatedly held that whenever multifariousness for either of these grounds plainly appears in a bill of complaint it would constitute grounds for demurrer under our old practice and, therefore, a ground to dismiss under the practice pursuant to the 1931 Chancery Practice Act. Arcadia Merc. Co. v. Branning, *et ux.*, 59 Fla. 426, 52 Sou. 598; and Trust Co. of Florida, *et al.*, v. Crider, *et al.*, 102 Fla. 593, 136 Sou. 434."

The cases cited by the plaintiff on the subject of multifariousness are not applicable to the present case, because such citations relate to cases where all of the defendants were interested in the same rights, and the different causes grew out of the same transaction, and the plaintiff or plaintiffs in such cases had title or interest in the subject matter thereof. It is plainly seen, as previously illustrated, that in the case now before the court there are two or more distinct

and independent causes presenting different rights, and calling for different relief in no way common to all parties to the suit.

Further, plaintiff in her bill of complaint did not show title or right to partition to the lands involved. Section 4996, C. G. L. of Florida, 1927, relating to partition provides as follows:

"Parties to the suit.—Such bill may be filed by any one or more of several joint tenants, tenants in common, or coparceners, against their co-tenants, coparceners or others interested in the lands to be divided."

In the case of Murrell v. Peterson, 57 Fla. 480, 49 Sou. 31; Williams v. St. Petersburg, 57 Fla. 544, 48 Sou. 754; Dallam v. Sanchez, 56 Fla. 779, 47 Sou. 871, it was held that where, in a partition proceeding it appeared that complainant had no title to the lands sought to be partitioned, the bill should be dismissed, even though the complainant might have an equitable interest in the land which might be enforced in proper proceedings. In this connection it was stated also in the case of Dallam v. Sanchez, *supra,* that a partition suit is not the proper proceeding in which to settle a disputed title.

In the present case we find that in the plaintiff's bill of complaint she admitted that she signed a paper with her husband, D. L. Ricou, transferring his undivided one-fifth interest in the real estate involved to Seminole Bank in September, 1928, but that she had not intended to convey her interest in such property, but that the instrument was given as security for a loan for her then husband, D. L. Ricou, and further claims that she did not sign the instrument freely and voluntarily, separate and apart from her husband before an officer authorized to take acknowledgments. She also alleges that if such conveyance to the

Seminole Bank conveyed any interest, it did not convey her dower. As a further objection, the appellant claimed that the conveyance to the Seminole Bank was void, because it was for the purpose of a loan to her then husband to conduct a bootlegging operation. From all this it is clear that plaintiff had no right to maintain her bill of complaint for partition because of disputed title, or lack of sufficient title.

It appears that the husband of appellant is still living and no dower, therefore, has accrued to appellant and a claim therefor is inappropriate at this time.

The appellant assigns as error the dismissing of the entire bill against all defendants on the motion of part of the defendants. It is true that some of the amended bills were dismissed on motion of less than all defendants, but the motion for final decree dismissing the last amended bill of complaint was joined in by all the defendants, upon which the final decree was granted. Also the attacks made on the original bill and the intervening amended bills by less than all the defendants were fatal to the entire cause of action set out therein for the reasons hereinabove set forth.

The appellant contends that if her bill contained any matter of equitable nature the court was not justified in dismissing it. In answer to this it may be said that where the plaintiff has joined several distinct, unrelated and separate causes of action in no way common to all parties to the suit it is not the province of the court to select from among them the one on which she may proceed.

Since we have found that the original bill of complaint and the several amended bills of complaint were vulnerable to the attacks as being multifarious, and that partition will not lie under the facts and conclusions of the pleader

set out therein it becomes unnecessary for us to consider any further assignments of error.

However, we feel that the ruling adopted by this Court in Yates, as Trustee, *et al.*, v. Penn. Securities Corp., et al., 107 Fla. 802, 144 Sou. 664, 145 Sou. 69, should be as is adopted here:

"But a final decree of dismissal consequent upon a previous order properly entered sustaining a demurrer for multifariousness as to subject matter, should ordinarily be without prejudice to any of the equities involved which complainant may be entitled to assert by due course of equity procedure. The final decree of dismissal so entered in this case, should therefore be modified to accord with the principle just stated, and as so modified should stand affirmed." We therefore adopt the ruling of the above case as the ruling in the present case—and the decree below should be modified so as to comply therewith, and so modified said decree shall stand affirmed.

Modified and affirmed.

TERRELL, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., disqualified.