PEARSON, District Judge.
This is the second appearance of this cause in this court. See Rountree v. Rountree, Fla.1954, 72 So.2d 794. The plaintiffs now appeal from a final decree dismissing the cause with prejudice. The basis of the decree was that the plaintiffs had, “failed to prove by competent evidence the material allegations of the complaint.”
The appellants urge that the effect of the decree is to establish the right of a brother to obtain title to the family homestead by adverse possession as against his own brothers and sisters. We do not find this proposition presented. The plaintiffs prayed for partition, an accounting and incidental relief. This relief was denied because the plaintiff did not prove a basis for it. A great deal of the testimony was offered in an attempt to establish the title of the plaintiffs in the land sought to be partitioned. It is apparent that the chancellor found this title was not proved.
Record title was in one Carolina Barrett, who was long since deceased. Plaintiffs asserted title as the heirs of one Anderson Rountree, who was also the father of the principal defendant, Alex Rountree. The evidence failed to establish title in Anderson Rountree or that Alex Rountree claimed under said Anderson Rountree. In order to maintain a complaint for partition the plaintiffs must show title or a right to partition. Williams v. City of St. Petersburg, 57 Fla. 544, 48 So. 754. Further, a partition suit is not the proper proceeding in which to settle a disputed title. Dallam v. Sanchez, 56 Fla. 779, 47 So. 871. Even where plaintiffs might have an equitable interest in the land, partition is not available. Williams v. Ricou, 143 Fla. 360, 368, 196 So. 667. All of the relief prayed was dependent upon the right to partition.
Affirmed.
TERRELL, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.