225 So.2d 561 (1969)
GENERAL DYNAMICS CORPORATION, a New York Corporation, et al., Appellants,
v.
Robert M. HEWITT, Appellee.
No. 68-473.
District Court of Appeal of Florida. Third District.
July 29, 1969.
Rehearing Denied September 4, 1969.
*562 Guilmartin & Bartel, Scott, McCarthy, Steel, Hector & Davis, Dixon, Bradford, Williams, McKay & Kimbrell, Miami, Sibley, Giblin, Levenson & Ward, Miami Beach, Moore, Welbaum, Zook & Jones, Miami, for appellants.
Joseph A. Perkins, Miami, for appellee.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.

REVISED OPINION
PER CURIAM.
The appellee, Robert M. Hewitt, was one of many defendants in an action instituted by Airlift International, Inc., and James B. Franklin, as Trustee. In his answer Hewitt counterclaimed against the plaintiffs, Airlift and Franklin as Trustee. He also filed third party complaints against James B. Franklin, individually and as an officer of Airlift; Lipman Redman, individually and as an officer of Airlift; William R. Price; General Dynamics Corporation; and several others.
General Dynamics moved to dismiss Amended Count II and Count III of Hewitt's third-party complaint on various grounds. Airlift, Franklin, Redman, and Price moved to dismiss Amended Count II on various grounds. The court denied all motions to dismiss either count of Hewitt's third-party complaint. This interlocutory appeal is from the order denying the motions to dismiss.
The appeal was not orally argued before the court because of the illness of counsel. Our opinion filed April 8, 1969, affirmed the trial court upon his denial of the motions to dismiss directed to Amended Count II and Count III of Hewitt's third-party complaint. Upon the filing of timely petitions for rehearing by Airlift International, Inc., and General Dynamics Corporation, we granted the petitions and heard argument thereon.

THE MOTION TO DISMISS AMENDED COUNT II
Count II is in the nature of a stockholder's derivative action. Hewitt maintains that it meets the requirements set forth in James Talcott, Inc. v. McDowell, Fla.App. 1962, 148 So.2d 36.
The appellants urge that because Counts I, III, IV, and V of the complaint are based on Hewitt's individual and personal *563 claims against them, and Count II is based on Hewitt's derivative right, Counts II and III cannot be joined. Rule 1.110(g), RCP (1967), 30 F.S.A., provides in part:
"(g) Joinder of Causes of Action; Consistency. A pleader may set up in the same action as many claims or causes of action or defenses in the same right as he has * * *" (Emphasis added.)
It is clear that appellee Hewitt has joined one count in which he seeks damages for the corporation of which he is a stockholder with several counts in which he claims personal damages for the acts of the defendant-appellants, including the corporation itself. Several appellants raised this objection as a ground in their motions to dismiss, as they were required to do. Smith v. Coleman, 100 Fla. 1707, 132 So. 198 (1931). This objection does not bear on the issue of whether Hewitt has stated one or more causes of action in his pleadings. It bears rather on Hewitt's right to join the derivative claim with his individual claims in one action. "One cannot in the same action sue in more than one distinct right or capacity." 1 Am.Jur.2d Actions § 125. The trial judge could have stricken Count II or dismissed the complaint without prejudice to Hewitt's right to assert his claims in subsequent litigation. Williams v. Ricou, 143 Fla. 360, 196 So. 667 (1940). In any event it was error to deny the motions to dismiss.
Appellants have advanced additional arguments to show why the motion to dismiss amended Count II should have been granted. But in view of our foregoing holding we need not consider those arguments.

THE MOTION TO DISMISS COUNT III
Hewitt's Count III begins thus:
"And for a third cause of action Hewitt sues the counter and third party defendants, Airlift, Carmichael, individually and as Chairman of the Board of Airlift, Raymond, individually and as Secretary of Airlift, Franklin, individually and as President and Director of Airlift, Redman, individually and as Director of Airlift, Douglas, Dynamics and Slick, and re-alleges and re-avers, everything in the Answer heretofore filed, and re-alleges and re-avers Counts One and Two, making same a part hereof by reference, and says, further * * *"
In Count III Hewitt seeks to recover compensatory and punitive damages upon a claim of fraud and conspiracy. General Dynamics (the only appellant which has presented a point directed to the order denying a motion to dismiss Count III) urges that although the count is prolix, it does not with sufficient particularity allege facts to support the charges of fraud and conspiracy and that the only reference to any overt act by General Dynamics is that it "aided and abetted in the conspiracy". A close reading of Count III confirms the statement. Rule 1.120(b), RCP, requires that "In all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated with such particularity as the circumstances may permit." The allegations as to General Dynamics Corporation do not meet this requirement. Cf. Ocala Loan Company v. Smith, Fla.App. 1963, 155 So.2d 711. We conclude that the trial court erred in entering its order denying the motion of General Dynamics Corporation to dismiss Count III of the third-party complaint.
The order appealed from is reversed with directions to dismiss amended Count II without prejudice to Hewitt's right to institute a separate action upon the claims therein and with directions to dismiss Count III with leave to file an amended Count III if Hewitt shall be so advised.
Reversed and remanded with directions.